UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Orion HealthCorp, Inc. | : | Case No. 18-71748 (AST) |
| Constellation Healthcare Technologies, Inc. | : | Case No. 18-71749 (AST) |
| NEMS Acquisition, LLC | : | Case No. 18-71750 (AST) |
| Northeast Medical Solutions, LLC | : | Case No. 18-71751 (AST) |
| NEMS West Virginia, LLC | : | Case No. 18-71752 (AST) |
| Physicians Practice Plus, LLC | : | Case No. 18-71753 (AST) |
| Physicians Practice Plus Holdings, LLC | : | Case No. 18-71754 (AST) |
| Medical Billing Services, Inc. | : | Case No. 18-71755 (AST) |
| Rand Medical Billing, Inc. | : | Case No. 18-71756 (AST) |
| RMI Physician Services Corporation | : | Case No. 18-71757 (AST) |
| Western Skies Practice Management, Inc. | : | Case No. 18-71758 (AST) |
| Integrated Physician Solutions, Inc. | : | Case No. 18-71759 (AST) |
| NYNM Acquisition, LLC | : | Case No. 18-71760 (AST) |
| Northstar FHA, LLC | : | Case No. 18-71761 (AST) |
| Northstar First Health, LLC | : | Case No. 18-71762 (AST) |
| Vachette Business Services, Ltd. | : | Case No. 18-71763 (AST) |
| MDRX Medical Billing, LLC | : | Case No. 18-71764 (AST) |
| Vega Medical Professionals, LLC | : | Case No. 18-71765 (AST) |
| Allegiance Consulting Associates, LLC | : | Case No. 18-71766 (AST) |
| Allegiance Billing & Consulting, LLC | : | Case No. 18-71767 (AST) |
| Phoenix Health, LLC | : | Case No. 18-71789 (AST) |
| New York Network Management, L.L.C. | : | Case No: 18-74545 (AST) |
| | : | (Jointly Administered) |
| Debtors. | : | |

-------------------------------------------------------------------x

```
-------------------------------------------------------------------- x
ORION HEALTHCORP, INC., et al.,                          :
                                                         :
                           Plaintiffs,                   :
                                                         :
             v.                                          :   Adv. Pro. No. 18-08048 (AST)
                                                         :
                                                         :
CAPITA IRG TRUSTEES (NOMINEES) LIMITED, CHT              :
HOLDCO LLC, BLUE MOUNTAIN HEALTHCARE LLC,                :
PBPP PARTNERS LLC, AXIS MEDICAL SERVICES LLC,            :
VEGA ADVANCED CARE LLC, FOREST NOMINEES LIMITED          :
GC1 ACCT, AAKB INVESTMENTS LIMITED, PULSAR               :
ADVANCE CARE LLC, PLATFORM SECURITIES NOMINEES           :
LIMITED KKCLT ACCT, LEXINGTON LANDMARK                   :
SERVICES LLC, MYMSMD LLC, PPSR PARTNERS LLC,             :
MAX EDWARD ROYDE, PBPP LLB, UBS PRIVATE                  :
BANKING NOMINEES LTD MAINPOOL ACCT, ABN AMRO             :
GLOBAL NOMINEES LIMITED 573 MAIN ACCT, ALLIANCE          :
TRUST SAVINGS NOMINEES LTD CDIGRO ACCT, THE              :
BANK OF NEW YORK (NOMINEES) LIMITED, THE BANK OF         :
NEW YORK (NOMINEES) LIMITED SFTIF ACCT,                  :
BARCLAYSHARE NOMINEES LIMITED, DAVID BEARDSALL,          :
BEAUFORT NOMINEES LIMITED, BEAUFORT NOMINEES             :
LIMITED SSLNOMSACCT, BNY (OCS) NOMINEES                  :
LIMITED HIT ACCT, BREWIN NOMINEES LIMITED GROSS          :
ACCT, CFS PORTFOLIO MANAGEMENT LIMITED, CGWL             :
NOMINEES LIMITED GC1 ACCT, CHASE NOMINEES                :
LIMITED, CHASE NOMINEES LIMITED EXDEPAIF ACCT,           :
DAVID FALCON BUTLER COLE, CREDIT SUISSE CLIENT           :
NOMINEES (UK) LIMITED D6M5PB ACCT, FERLIM                :
NOMINEES LIMITED ISA ACCT, FERLIM NOMINEES               :
LIMITED POOLED ACCT, FITEL NOMINEES LIMITED              :
SDPR ACCT, GOLDMAN SACHS INTERNATIONAL                   :
CREPTEMP ACT, HAREWOOD NOMINEES LIMITED                  :
4121550 ACCT, HSBC CLIENT HOLDINGS NOMINEE               :
(UK), HSBC GLOBAL CUSTODY NOMINEE (UK) LIMITED           :
630372 ACCT, HSBC GLOBAL CUSTODY NOMINEE (UK)            :
LIMITED 667656 ACCT, HSBC GLOBAL CUSTODY                 :
NOMINEE (UK) LIMITED 944287 ACT, HSCB GLOBAL             :
CUSTODY NOMINEE (UK) LIMITED 982409 ACCT,                :
HUNTRESS (CI) NOMINEES LIMITED KGCLT ACCT,               :
INVESTOR NOMINEES LIMITED, INVESTOR NOMINEES             :
LIMITED WRAP ACCT, INVESTOR NOMINEES LIMITED             :
NOMINEE ACCT, JAMES CAPEL (NOMINEES) LIMITED PC          :
ACCT, JIM NOMINEES LIMITED ISA ACCT, JIM                 :
NOMINEES LIMITED JARVIS ACCT, JIM NOMINEES               :
LIMITED JARVISNT ACCT, JOHNSTON ASSET                    :
MANAGEMENT LTD, MR JOHN JOSEPH JOHNSTON, MRS             :
```

-1-

Karin Johnston, J.P. Morgan Securities Plc :
Jpcrepon Acct, KBC Securities Nv Client Acct, :
Lawshare Nominees Limited Isa Acct, Lawshare :
Nominees Limited Sipp Acct, Lawshare Nominees :
Limited Undoc, Lawshare Nominees Limited :
Dealing, Mr Paul Lines, Lynchwood Nominees :
Limited 2006420 Acct, Merrill Lynch :
International Main Acct, Morgan Stanley Client :
Securities Nominees Limited, Morgan Stanley :
Client Securities Nominees Limited Seg Acct, :
Nomura Pb Nominees Limited Pbnoms Acct, :
Nortrust Nominees Limited, Nortrust Nominees :
Limited Tds Acct, Nortrust Nominees Limited :
Lua01 Acct, Nortrust Nominees Ltd Thd05 Acct, :
N.Y. Nominees Limited, N.Y. Nominees Limited :
Bccag Acct, Peel Hunt Holdings Limited Pmprinc :
Acct, Pershing Nominees Limited Ccclt Acct, :
Pershing Nominees Limited Elisa Acct, Pershing :
Nominees Limited Imclt Acct, Pershing Nominees :
Limited Jiclt Acct, Pershing Nominees Limited :
Perny Acct, Pershing Nominees Limited Rkclt :
Acct, Pershing Nominees Limited Rkisa :
Acct, Pershing Nominees Limited Tmclt Acct, :
Pershing Nominees Limited Wrclt Acct, Pershing :
Nominees Limited Pqideal Acct, Platform :
Securities Nominees Limited Kkisa Acct, Platform :
Securities Nominees Limited Ashisa Acct, Platform :
Securities Nominees Limited Ashnom Acct, :
Platform Securities Nominees Limited Ashpen :
Acct, Platform Securities Nominees Limited :
Ashtru Acct, Rathbone Nominees Limited, :
Redmayne (Nominees) Limited P89813x Acct, :
Redmayne (Nominees) Limited Rg2461r Acct, Rock :
(Nominees) Limited Isa Acct, Rock (Nominees) :
Limited Cshnet Acct, Rock (Nominees) Limited :
Taxfull Acct, Rock (Nominees) Limited Fastrade :
Acct, Securities Services Nominees Limited 2140036 :
Acct, Share Nominees Ltd, Skandinaviska Enskilda :
Banken Ab (Publ) 2035260 Acct, Smith & :
Williamson Nominees Limited Isa Acct, State :
Street Nominees Limited G007 Acct, State Street :
Nominees Limited Om01 Acct, State Street :
Nominees Limited Om02 Acct, State Street :
Nominees Limited Oq51 Acct, Stifel Nicolaus :
Europe Limited Nnideal Acct, Svs Securities :
(Nominees) Ltd Onl Acct, Td Direct Investing :
Nominees (Europe) Limited Usisa15 Acct, Td Direct :
Investing Nominees (Europe) Limited Usnom15 :
Acct, Td Direct Investing Nominees (Europe) :

|  |  |
|---|---|
| LIMITED USNOM30 ACCT, TD DIRECT INVESTING NOMINEES (EUROPE) LIMITED USSIP00 ACCT, TRANSACT NOMINEES LIMITED INTEGRA1 ACCT, VICTOIRE NOMINEES LIMITED 2193900 ACCT, VIDACOS NOMINEES LIMITED 2154 ACCT, VIDACOS NOMINEES LIMITED IGUKCLT ACCT, W B NOMINEES LIMITED ISAMAX ACCT, W B NOMINEES LIMITED TREATY ACCT, WEALTH NOMINEES LIMITED WRAP ACCT, W H IRELAND NOMINEES LIMITED ISA ACCT, AND THE UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, | : : : : : : : : : : : : |
| Defendants. | : |
| ------------------------------------------------------------------- X | |

### STIPULATION AND ORDER REGARDING PROTOCOL FOR INITIAL DISCOVERY AND DISMISSAL OF CONDUITS AND NON-TRANSFEREES

This [Proposed] Stipulation and Order ("**Stipulation and Order**") is entered into this [*date*], 2018 by and between plaintiff Orion HealthCorp, Inc. ("**Orion**") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases, and as plaintiffs (collectively, the "**Debtors**" or the "**Plaintiffs**") in the above-captioned adversary proceeding (the "**Action**"), the undersigned defendants and any defendants who subsequently join this Stipulation and Order by executing the Acknowledgement and Undertaking attached hereto as Appendix A (collectively, the "**Defendants**", and together with Plaintiffs, the "**Parties**").

### RECITALS

WHEREAS, on March 29, 2018, Plaintiffs filed a complaint in the Action (the "**Complaint**") alleging that the named-defendants received certain proceeds paid in

connection with a "go-private" merger (the "**Merger**"), pursuant to which the stock of plaintiff Constellation Healthcare Technologies, Inc. ("**CHT**") was acquired (the "**Shareholder Redemption Payments**");

WHEREAS, the Parties agree that, in the interest of preserving the Debtors' estates and to preserve judicial and Party resources, the Parties shall discuss a protocol to address, efficiently and without undue cost, certain claimed defenses, including to the extent that a Defendant contends that it is or was (i) a nominee, non-beneficial holder of CHT common stock through which a certain amount of Shareholder Redemption Payments passed, but was not an ultimate beneficial recipient of such payments (a "**Conduit**"); or (ii) a non-transferee that did not, for its own account, receive, directly or indirectly, any amount of Shareholder Redemption Payments (a "**Non-Transferee**");

WHEREAS, certain Defendants claim to be full or partial Conduits or Non-Transferees and wish to utilize the following protocol for a prompt resolution of such issue; and

WHEREAS, the Parties have met and conferred to create a protocol to resolve a Defendant's claimed defense that it is a full or partial Conduit or a Non-Transferee.

NOW, THEREFORE, the Parties do hereby STIPULATE and AGREE that they shall adhere to the following protocol (the "**Conduit Protocol**" or "**Protocol**")[1] to resolve a Defendant's claimed defense that it is a full or partial Conduit or a Non-Transferee:

### I.     Conduits and Non-Transferees

---

[1] This Protocol expressly excludes any Defendants that do not claim to be full or partial Conduits or Non-Transferees, and instead solely contend that they were mistakenly named as a defendant herein, either because: (i) the full or correct name of such Defendant is not identified in the Summons and Complaint; or (ii) such Defendant is a non-juridical entity or has liquidated or been dissolved. However, nothing herein shall waive a Conduit or Non-Transferee's right to assert such defenses should they not obtain dismissal from the Action pursuant to this Protocol.

A.  *Declaration of Conduit or Non-Transferee Status*.  Any Defendant that believes it is a full or partial Conduit or Non-Transferee and seeks to invoke this Conduit Protocol shall submit to Plaintiffs a sworn declaration, signed by an authorized officer, director, partner or agent of the Defendant, setting forth the facts and circumstances pursuant to which it claims to be a full or partial Conduit or Non-Transferee (the "**Declaration**") and, in the Declaration or separate declaration submitted therewith, shall state which of the following apply: (i) Defendant is submitting together with the Declaration documents sufficient to identify the information described in Section I.B.; (ii) Defendant intends, upon receipt and proper service on Defendant of a discovery request, to respond to such request, to the extent permitted by applicable law and/or agreement, in a manner sufficient to identify the information described in Section I.B. in accordance with the Federal Rules of Civil Procedure and any applicable Non-Disclosure Laws (whether domestic or foreign) (as defined in Section I.D.) [2]; or (iii) Defendant is unable to produce the information described in Section I.B. because Defendant is prevented from disclosing the information due to any applicable Non-Disclosure Laws.  In the event the Declaration is accompanied by supporting documentation, the Declaration shall, to the extent feasible, include an explanation regarding the relevance of the

---

[2] In the event a Defendant states in its Declaration or a separate declaration submitted therewith that it is unable to produce the information described in Section I.B. because of applicable Non-Disclosure Laws, the Defendant's Declaration or separate declaration submitted therewith must also provide the information required by Section I.D.

        documentation to the Defendant's status as a full or partial Conduit or Non-Transferee.

B.   *Service of Discovery Requests*. To the extent any Defendant claims to be a full or partial Conduit or Non-Transferee and has not provided (as part of or together with their Declaration) the information described in this Section I.B., or has not provided the information required in Section I.D. to describe the applicable Non-Disclosure Laws, Plaintiffs shall serve a discovery request, seeking the information described in this Section I.B., on any such Defendant within 10 business days of receiving the Declaration. Such discovery request may seek disclosure sufficient to identify: (i) the names of the account holders and accounts that held CHT common stock through such Defendant as of 6:00 p.m. (London Time) January 25, 2017, the record date for payment of the Shareholder Redemption Payments (the "**Payment Record Date**") (or, in the case of a claimed Non-Transferee, the names of account holders and accounts that held CHT stock as the Payment Record Date for which the Non-Transferee claims to have acted (if at all)); (ii) each such holder's last-known address; (iii) the number of shares of CHT common stock each holder (or account) held as of the Payment Record Date; (iv) the amount of Shareholder Redemption Payments received by or for each such holder (or account) in exchange for such shares of CHT common stock; (v) the status of each account holder as either (a) a United States citizen, or (b) Foreign Person (as defined in *Plaintiffs' Request for Production of Documents to Defendants*); and (vi) the amount of Shareholder

        Redemption Payments the Defendant received for its own account (the "**Proprietary Amount**"), if any.

C. *Responses to Discovery Requests.* A Defendant that is properly served with a discovery request pursuant to Section I.B. shall respond and/or object to such request in accordance with the Federal Rules of Civil Procedure. A Defendant may, at any time before its response to Plaintiffs' discovery request is due, withdraw in writing its assertion of status as a full or partial Conduit or Non-Transferee. Upon a Defendant's withdrawal of such assertion, Plaintiffs shall withdraw any discovery request served on that Defendant relating to its assertion of status as a full or partial Conduit or Non-Transferee.

D. *Compliance with Non-Disclosure Laws.* In the event a Defendant contends, in its Declaration or a separate declaration submitted therewith, that it is unable to produce the information described in Section I.B. because it is: (i) located outside of the United States (a "**Foreign Conduit or Non-Transferee**") or located within the United States (a "**Domestic Conduit or Non-Transferee**") (each a "**Conduit or Non-Transferee**"); and/or (ii) otherwise prevented from producing the requested information due to (a) foreign or domestic data privacy laws, (b) foreign or domestic bank secrecy laws, (c) other similar foreign or domestic law(s), and/or (d) contractual commitments recognized by foreign or domestic law (collectively, the "**Non-Disclosure Laws**"), such Conduit or Non-Transferee shall, in the Declaration or in a separate declaration submitted therewith:

1. State the jurisdiction in which it is located;

2. Cite the applicable Non-Disclosure Law(s) that the Conduit or Non-Transferee contends prohibit(s) disclosure;

3. Represent that, in the event the Conduit or Non-Transferee is dismissed from the Action, it:

    i. Shall preserve until the final resolution of the Action (including all appeals) business records sufficient to identify the information described in Section I.B.;

    ii. Agrees not to argue that Plaintiffs' rights to obtain such information from the Conduit or Non-Transferee as a non-party to the Action are less than Plaintiffs' right to obtain such information from the Conduit or Non-Transferee would have been if the Conduit or Non-Transferee were still a party to the Action;

    iii. Except to the extent required by law, shall not oppose a proper motion filed by Plaintiffs with this Court for the issuance of an appropriate letter rogatory or letter of request to an appropriate foreign court or tribunal requesting an order to obtain the information described in Section I.B. in accordance with the law(s) of the relevant foreign jurisdiction; provided however, that such Conduit or Non-Transferee may, in the exercise of its discretion or as may be required by applicable law or agreement, provide the affected party with the pleadings in order to permit such party to oppose the relief;

    iv. Except to the extent required by law, or as provided in note 4 below, shall not oppose an appropriate motion or application filed by Plaintiffs with a foreign court of competent jurisdiction and in accordance with applicable law requesting an order to obtain the information described in Section I.B. (and no other relief), in the event such motion or application is required by this Court; provided however, that such Conduit or Non-Transferee may, in the exercise of its discretion or as may be required by applicable

-8-

        law or agreement, provide the affected party with the pleadings in order to permit such party to oppose the relief;[3]

    4. Provide, to the extent it believes it is permitted to do so under the applicable Non-Disclosure Laws, such information as is responsive to the discovery request.

E. *Reservation of Rights.* For the avoidance of doubt, Plaintiffs reserve the right to file with this Court a motion to compel discovery in order to seek production of information described in Section I.B. from a Conduit or Non-Transferee. Defendants reserve their rights to oppose any such motion.

F. *Service of Subpoenas on Non-Appearing Defendants.* For the avoidance of doubt, nothing herein shall preclude, and Plaintiffs reserve the right and are authorized to serve a subpoena or other appropriate discovery request seeking documents sufficient to identify the information described in Section I.B. on any defendant who has not appeared in or is in default in the Action. All rights to object to any such subpoena or discovery request are expressly reserved by Defendants and any defendants that have not appeared in the Action.

G. *Review of Documentation and Dismissal of Full Conduit or Non-Transferee.* If the Declaration referenced in Section I.A. or a separate declaration submitted therewith states that the entirety of the Shareholder Redemption Payments a Defendant received was received by the Defendant as a Conduit or Non-Transferee, Plaintiffs shall, within 30 days of receipt of the information described in Section I.A. and either Section I.C. or I.D. (as applicable), either (i) file a notice of dismissal (without prejudice), pursuant to Fed. R. Civ. P. 41,

---

[3] If the Non-Disclosure Laws require a Conduit or Non-Transferee to oppose any such motion or application filed by the Plaintiffs, the Conduit or Non-Transferee is not required to include the representations in Section I.D.3 (ii) and (iv) in the Declaration or in a separate declaration submitted therewith, provided that the Conduit or Non-Transferee cites to the applicable Non-Disclosure Law therein.

or (ii) notify the Defendant in writing that it is unwilling to dismiss the Defendant and state the grounds upon which such position is based. Within the 30-day period, Plaintiffs may make a follow-up request to the Defendant for additional information that Plaintiffs believe, in good faith, is needed to make a determination of Conduit or Non-Transferee status. In the event Plaintiffs make such follow-up request, Plaintiffs' time to file a notice of dismissal or notify the Defendant in writing that it is unwilling to dismiss the Defendant shall be extended to 30 days after receipt of the additional information, if any, unless a further extension is granted by the Defendant. Notwithstanding the foregoing, Plaintiffs shall not refuse to dismiss a Defendant that is unable to identify, or produce documents identifying, the status of each account holder as either a United States citizen or Foreign Person after conducting a reasonable search for such information.

H. *Notice of Change in Amount of Shareholder Redemption Payments of Partial Conduit or Non-Transferee.* If the Declaration referenced in Section I.A. or separate declaration submitted therewith states that less than the entirety of the Shareholder Redemption Payments a Defendant received was received by the Defendant as a Conduit or Non-Transferee, then Plaintiffs shall, without further notice, either (i) file a Notice of Change in the Action or amended pleading amending the amount of Shareholder Redemption Payments sought from the Defendant to include only the Proprietary Amount, or (ii) notify the Defendant in writing that it is unwilling to file such Notice of Change or amended pleading and state the grounds upon which such position is based. In the event Plaintiffs file a Notice of Change, such Notice may include one or more Defendants and

shall amend only the amount of Shareholder Redemption Payments sought from such Defendant(s). Plaintiffs and any Defendant subject to a Notice of Change shall cooperate to file a Notice of Change in a reasonable manner, but in no event shall such Notice of Change be filed more than three months after Plaintiffs receive from the subject Defendant the information described in Section I.A. and either Section I.C. or I.D. (as applicable), unless a request for a reasonable extension for good cause is made by Plaintiffs and agreed to by the Defendant. Plaintiffs may make a follow-up request to a Defendant for additional information that Plaintiffs believe, in good faith, is needed to make a determination of partial Conduit or Non-Transferee status.

I. *Disputes Regarding (i) Amount of Shareholder Redemption Payments Received by Defendants and/or (ii) Dismissal.* If Plaintiffs provide to a Defendant, pursuant to Section I.G.ii. or I.H.ii., a written notification that Plaintiffs do not believe that the Defendant is entitled to dismissal or a modification to the amount of Shareholder Redemption Payments alleged to have been received by such Defendant, to the extent requested by such Defendant, the Plaintiffs and Defendant shall meet and confer within 14 days of the Defendant's receipt of such notification to attempt to resolve the dispute. To the extent such Parties are unable, after the meet and confer, to resolve the status of the Defendant claiming to be a full or partial Conduit or Non-Transferee, such Defendant may file a motion to dismiss or otherwise seek judicial resolution of the asserted defense. Plaintiffs reserve all rights to oppose any such relief sought by such Defendant.

II. **General Provisions**

A. A Defendant shall not be required under this Conduit Protocol to identify, and may establish that it is a full or partial Conduit or Non-Transferee even if it or the Plaintiffs are unable to identify, some or all of (i) the Conduit or Non-Transferee's own customers who received Shareholder Redemption Payments due to the Non-Disclosure Laws, provided that the Conduit or Non-Transferee complies with Sections I.A. and I.D., or (ii) the ultimate transferees that received Shareholder Redemption Payments subsequent to such Defendant's transfer of the Shareholder Redemption Payments it received, provided that the Conduit or Non-Transferee complies with Sections I.A. and either I.C. or I.D., as applicable.

B. No Defendant shall be required to invoke this Conduit Protocol. Any Defendant may assert a defense based on its status as a full or partial Conduit or Non-Transferee in an answer, in any motion permitted by the Federal Rules of Civil Procedure, Federal Bankruptcy Rules of Procedure, or other applicable law or order of the Court, and at trial in the Action. However, at the request of a Defendant that is invoking this Conduit Protocol, and prior to any dismissal of the Defendant from the Action, Plaintiffs shall agree to reasonable extensions of time for the Defendant to respond to the Complaint and to any other deadlines in this Action.

C. A Defendant's reliance on this Protocol based on its claimed status as a full or partial Conduit or Non-Transferee shall not waive any other defense potentially available to such Defendant (including, without limitation, lack of personal jurisdiction, insufficiency of service of process, or any other non-omnibus ground for dismissal of the Action), and all such defenses are expressly

        preserved. Without limiting the foregoing, Plaintiffs shall not argue that the entry by any Defendant into this Stipulation and Order, its provision of any Declaration, its responses to any discovery requests pursuant to this Stipulation and Order, any request by it for dismissal of it from this Action as a Conduit or Non-Transferee, or its taking of any other action pursuant to this Stipulation and Order, constitutes a consent to the Court's jurisdiction or waives any defense, right or claim of the Defendant.

D. Any Defendant dismissed from the Action pursuant to this Conduit Protocol or otherwise, shall not be: (i) included in any putative defendant class that Plaintiffs may seek to certify in the Action; or (ii) named as a defendant in an action in which such Defendant is currently not named as a defendant, unless Plaintiffs discover information, after dismissing the Defendant, which proves the Defendant's Declaration submitted pursuant to Section I.A. to be false.

E. Defendants acknowledge that any claim dismissed pursuant to this Protocol is without prejudice, provided that Plaintiffs reserve the right to reassert any such claim within 30 days of Plaintiffs' discovery of information causing Plaintiffs to believe, in good faith, that the information provided by the Defendant pursuant to this Protocol was false or inaccurate and that therefore the Defendant is not a full or partial Conduit or Non-Transferee. In such case the Action may be reinstated, nunc pro tunc to the date of original commencement, against such Defendant, and such Defendant (i) shall waive and relinquish any right to any relief pursuant to Rules 41(a)(1)(B) and 41(d) of the Federal Rules of Civil Procedure arising out of its prior dismissal as a Conduit or Non-Transferee; and (ii) shall not assert any defense to the reassertion of any dismissed claims which

relates to the expiration of any applicable statute of limitations, statute of repose, or other rule or principle based upon the passage of time, whether that defense is statutory, contractual, equitable, or otherwise, including, without limitation, waiver, estoppel, and laches; provided, however, that nothing herein is intended to, or shall, revive a claim that was time-barred or otherwise subject to such a defense as of the date of the filing of the Complaint and commencement of the Action, and further provided that such Defendant otherwise reserves all other defenses. Plaintiffs' reasserted claim or claims shall seek to recover only the amount as to which Plaintiffs assert Defendant is not a Conduit or Non-Transferee.

F. All documents, information, and other communications exchanged pursuant to this Protocol shall be governed by the Stipulated Confidentiality Agreement and Protective Order entered by the Court.

G. Any deadline in this Conduit Protocol may be extended by agreement between the Plaintiffs and the Defendant seeking relief pursuant to this Protocol in whole or in part, without a Court order.

H. In addition to Section I.E., and except as provided expressly herein, all Parties reserve all rights, claims, and defenses, including the right to file any motion permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or any other applicable law or order of the Court.

I. The terms and limitations of this Protocol shall not be modified or deviated from except upon written stipulation by counsel for the Parties, or by Order of the Court.

J.  This Protocol shall be governed and construed in accordance with the laws of the State of New York without reference to New York's choice of law rules.

K.  This Protocol may be executed in any number of counterparts, including through execution of the annexed Appendix - Defendant's Acknowledgement And Agreement to Be Bound by Stipulation And Order, and shall constitute one agreement binding upon all Parties thereto as if all Parties signed the same document. Scanned signatures shall be treated as originals for all purposes.

**STIPULATED AND AGREED:**

Dated: July 27, 2018

| | |
|---|---|
| By: _____/s/ *Mark T. Power*_____<br><br>Mark T. Power<br>John P. Amato<br>Joseph Orbach<br>Annie P. Kubic<br>HAHN & HESSEN LLP<br>488 Madison Avenue<br>New York, New York 10022<br>mpower@hahnhessen.com<br>jamato@hahnhessen.com<br>jorbach@hahnhessen.com<br>akubic@hahnhessen.com<br><br>*Special Counsel and Conflicts Counsel to Plaintiffs* | By: _____/s/ *Ross Firsenbaum*_____<br><br>Ross Firsenbaum<br>Lauren Lifland<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>philip.anker@wilmerhale.com<br>lauren.lifland@wilmerhale.com<br><br>*Counsel to Defendants sued as "Capita IRG Trustees (Nominees) Limited"; "Credit Suisse Client Nominees (UK) Limited D6m5pb ACCT"; "Barclayshare Nominees Limited"; "Brewin Nominees Limited Gross ACCT"; "Morgan Stanley Client Securities Nominees Limited"; and "Morgan Stanley Client Securities Nominees Limited Seg Acct"* |
| By: _____/s/ *Matt Popowsky*_____<br><br>Matthew Popowsky, Esq.<br>UBS Group AG<br>1285 Avenue of the Americas<br>New York, New York 10019 | By: _____/s/ *Jay Teitelbaum*_____<br><br>Jay Teitelbaum<br>Teitelbaum Law Group, LLC<br>1 Barker Avenue, Third Floor<br>White Plains, New York 10601 |

| | |
|---|---|
| matthew.popowsky@ubs.com | jteitelbaum@tblawllp.com |
| *Counsel to Defendant UBS Private Banking Nominees Ltd MAINPOOL Acct* | *Counsel to Defendants Chase Nominees Limited and Chase Nominees Limited EXDEPAIF* |

**SO ORDERED:**



Dated: **August 23, 2018**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**

**APPENDIX A**

**DEFENDANT'S ACKNOWLEDGEMENT AND
AGREEMENT TO BE BOUND BY STIPULATION AND ORDER**

_____ ("_____"), by its counsel or authorized representative, hereby acknowledges that it has received and read a copy of the Stipulation and Order dated _____ \_\_, 2018 executed in connection with the matter captioned *Orion Healthcorp, Inc., et al. ,v. Capita IRG Trustees (Nominees) Limited,. et al.*, Adv. Pro. No. 18-08048 (AST) (the "**Action**"), an adversary proceeding arising in connection with the Chapter 11 case *In re Orion Healthcorp, Inc.*, Case No. 18-71748 (AST) (Bankr. E.D.N.Y.).  _____, through its counsel or authorized representative, expressly hereby agrees to be bound by the Stipulation and Order.

   DATED: \_\_\_  \_\_\_, 2018

_____
Name:
Title: