UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Orion HealthCorp, Inc. | : | Case No. 18-71748 (AST) |
| Constellation Healthcare Technologies, Inc. | : | Case No. 18-71749 (AST) |
| NEMS Acquisition, LLC | : | Case No. 18-71750 (AST) |
| Northeast Medical Solutions, LLC | : | Case No. 18-71751 (AST) |
| NEMS West Virginia, LLC | : | Case No. 18-71752 (AST) |
| Physicians Practice Plus, LLC | : | Case No. 18-71753 (AST) |
| Physicians Practice Plus Holdings, LLC | : | Case No. 18-71754 (AST) |
| Medical Billing Services, Inc. | : | Case No. 18-71755 (AST) |
| Rand Medical Billing, Inc. | : | Case No. 18-71756 (AST) |
| RMI Physician Services Corporation | : | Case No. 18-71757 (AST) |
| Western Skies Practice Management, Inc. | : | Case No. 18-71758 (AST) |
| Integrated Physician Solutions, Inc. | : | Case No. 18-71759 (AST) |
| NYNM Acquisition, LLC | : | Case No. 18-71760 (AST) |
| Northstar FHA, LLC | : | Case No. 18-71761 (AST) |
| Northstar First Health, LLC | : | Case No. 18-71762 (AST) |
| Vachette Business Services, Ltd. | : | Case No. 18-71763 (AST) |
| MDRX Medical Billing, LLC | : | Case No. 18-71764 (AST) |
| Vega Medical Professionals, LLC | : | Case No. 18-71765 (AST) |
| Allegiance Consulting Associates, LLC | : | Case No. 18-71766 (AST) |
| Allegiance Billing & Consulting, LLC | : | Case No. 18-71767 (AST) |
| Phoenix Health, LLC | : | Case No. 18-71789 (AST) |
| New York Network Management, L.L.C. | : | Case No: 18-74545 (AST) |
| | : | (Jointly Administered) |
| Debtors. | : | |

------------------------------------------------------------------------x

```
--------------------------------------------------------------------- x
```
ORION HEALTHCORP, INC., *et al.*,                    :
                                                     :
                                Plaintiffs,          :
                                                     :
                    v.                               :    Adv. Pro. No. 18-08048 (AST)
                                                     :
                                                     :
CAPITA IRG TRUSTEES (NOMINEES) LIMITED, CHT          :
HOLDCO LLC, BLUE MOUNTAIN HEALTHCARE LLC,            :
PBPP PARTNERS LLC, AXIS MEDICAL SERVICES LLC,        :
VEGA ADVANCED CARE LLC, FOREST NOMINEES LIMITED      :
GC1 ACCT, AAKB INVESTMENTS LIMITED, PULSAR           :
ADVANCE CARE LLC, PLATFORM SECURITIES NOMINEES       :
LIMITED KKCLT ACCT, LEXINGTON LANDMARK               :
SERVICES LLC, MYMSMD LLC, PPSR PARTNERS LLC,         :
MAX EDWARD ROYDE, PBPP LLB, UBS PRIVATE              :
BANKING NOMINEES LTD MAINPOOL ACCT, ABN AMRO         :
GLOBAL NOMINEES LIMITED 573 MAIN ACCT, ALLIANCE      :
TRUST SAVINGS NOMINEES LTD CDIGRO ACCT, THE          :
BANK OF NEW YORK (NOMINEES) LIMITED, THE BANK OF     :
NEW YORK (NOMINEES) LIMITED SFTIF ACCT,              :
BARCLAYSHARE NOMINEES LIMITED, DAVID BEARDSALL,      :
BEAUFORT NOMINEES LIMITED, BEAUFORT NOMINEES         :
LIMITED SSLNOMSACCT, BNY (OCS) NOMINEES              :
LIMITED HIT ACCT, BREWIN NOMINEES LIMITED GROSS      :
ACCT, CFS PORTFOLIO MANAGEMENT LIMITED, CGWL         :
NOMINEES LIMITED GC1 ACCT, CHASE NOMINEES            :
LIMITED, CHASE NOMINEES LIMITED EXDEPAIF ACCT,       :
DAVID FALCON BUTLER COLE, CREDIT SUISSE CLIENT       :
NOMINEES (UK) LIMITED D6M5PB ACCT, FERLIM            :
NOMINEES LIMITED ISA ACCT, FERLIM NOMINEES           :
LIMITED POOLED ACCT, FITEL NOMINEES LIMITED          :
SDPR ACCT, GOLDMAN SACHS INTERNATIONAL               :
CREPTEMP ACT, HAREWOOD NOMINEES LIMITED              :
4121550 ACCT, HSBC CLIENT HOLDINGS NOMINEE           :
(UK), HSBC GLOBAL CUSTODY NOMINEE (UK) LIMITED       :
630372 ACCT, HSBC GLOBAL CUSTODY NOMINEE (UK)        :
LIMITED 667656 ACCT, HSBC GLOBAL CUSTODY             :
NOMINEE (UK) LIMITED 944287 ACT, HSCB GLOBAL         :
CUSTODY NOMINEE (UK) LIMITED 982409 ACCT,            :
HUNTRESS (CI) NOMINEES LIMITED KGCLT ACCT,           :
INVESTOR NOMINEES LIMITED, INVESTOR NOMINEES         :
LIMITED WRAP ACCT, INVESTOR NOMINEES LIMITED         :
NOMINEE ACCT, JAMES CAPEL (NOMINEES) LIMITED PC      :
ACCT, JIM NOMINEES LIMITED ISA ACCT, JIM             :
NOMINEES LIMITED JARVIS ACCT, JIM NOMINEES           :
LIMITED JARVISNT ACCT, JOHNSTON ASSET                :
MANAGEMENT LTD, MR JOHN JOSEPH JOHNSTON, MRS         :

- 1 -

Karin Johnston, J.P. Morgan Securities Plc           :
Jpcrepon Acct, Kbc Securities Nv Client Acct,        :
Lawshare Nominees Limited Isa Acct, Lawshare         :
Nominees Limited Sipp Acct, Lawshare Nominees        :
Limited Undoc, Lawshare Nominees Limited             :
Dealing, Mr Paul Lines, Lynchwood Nominees           :
Limited 2006420 Acct, Merrill Lynch                  :
International Main Acct, Morgan Stanley Client        :
Securities Nominees Limited, Morgan Stanley          :
Client Securities Nominees Limited Seg Acct,         :
Nomura Pb Nominees Limited Pbnoms Acct,              :
Nortrust Nominees Limited, Nortrust Nominees         :
Limited Tds Acct, Nortrust Nominees Limited          :
Lua01 Acct, Nortrust Nominees Ltd Thd05 Acct,        :
N.Y. Nominees Limited, N.Y. Nominees Limited         :
Bccag Acct, Peel Hunt Holdings Limited Pmprinc       :
Acct, Pershing Nominees Limited Ccclt Acct,          :
Pershing Nominees Limited Elisa Acct, Pershing       :
Nominees Limited Imclt Acct, Pershing Nominees       :
Limited Jiclt Acct, Pershing Nominees Limited        :
Perny Acct, Pershing Nominees Limited Rkclt          :
Acct, Pershing Nominees Limited Rkisa                :
Acct, Pershing Nominees Limited Tmclt Acct,          :
Pershing Nominees Limited Wrclt Acct, Pershing       :
Nominees Limited Pqideal Acct, Platform              :
Securities Nominees Limited Kkisa Acct, Platform     :
Securities Nominees Limited Ashisa Acct, Platform    :
Securities Nominees Limited Ashnom Acct,             :
Platform Securities Nominees Limited Ashpen          :
Acct, Platform Securities Nominees Limited           :
Ashtru Acct, Rathbone Nominees Limited,              :
Redmayne (Nominees) Limited P89813x Acct,            :
Redmayne (Nominees) Limited Rg2461r Acct, Rock       :
(Nominees) Limited Isa Acct, Rock (Nominees)         :
Limited Cshnet Acct, Rock (Nominees) Limited         :
Taxfull Acct, Rock (Nominees) Limited Fastrade       :
Acct, Securities Services Nominees Limited 2140036    :
Acct, Share Nominees Ltd, Skandinaviska Enskilda      :
Banken Ab (Publ) 2035260 Acct, Smith &               :
Williamson Nominees Limited Isa Acct, State          :
Street Nominees Limited G007 Acct, State Street       :
Nominees Limited Om01 Acct, State Street             :
Nominees Limited Om02 Acct, State Street             :
Nominees Limited Oq51 Acct, Stifel Nicolaus          :
Europe Limited Nnideal Acct, Svs Securities          :
(Nominees) Ltd Onl Acct, Td Direct Investing         :
Nominees (Europe) Limited Usisa15 Acct, Td Direct     :
Investing Nominees (Europe) Limited Usnom15          :
Acct, Td Direct Investing Nominees (Europe)          :

LIMITED USNOM30 ACCT, TD DIRECT INVESTING           :
NOMINEES (EUROPE) LIMITED USSIP00 ACCT, TRANSACT    :
NOMINEES LIMITED INTEGRA1 ACCT, VICTOIRE            :
NOMINEES LIMITED 2193900 ACCT, VIDACOS NOMINEES     :
LIMITED 2154 ACCT, VIDACOS NOMINEES LIMITED         :
IGUKCLT ACCT, W B NOMINEES LIMITED ISAMAX ACCT,     :
W B NOMINEES LIMITED TREATY ACCT, WEALTH            :
NOMINEES LIMITED WRAP ACCT, W H IRELAND             :
NOMINEES LIMITED ISA ACCT, AND THE UNITED STATES    :
OF AMERICA, DEPARTMENT OF TREASURY, INTERNAL        :
REVENUE SERVICE,                                    :
                                                    :
                                    Defendants.     :
------------------------------------------------------------------------ X


# STIPULATED CONFIDENTIALITY
## AGREEMENT AND PROTECTIVE ORDER

This [Proposed] Stipulated Confidentiality Agreement and Protective Order ("**Protective Order**") is entered into by and between plaintiff Orion HealthCorp, Inc. ("**Orion**") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases, and as plaintiffs (collectively, the "**Debtors**" or the "**Plaintiffs**") in the above-captioned adversary proceeding (the "**Action**"), the undersigned defendants and any defendants who subsequently join this Protective Order by executing the Acknowledgement and Agreement to be Bound by the Protective Order (the "**Acknowledgement**") attached hereto as Appendix A (collectively, the "**Defendants**", and  together with Plaintiffs, the "**Parties**", and individually, each a "**Party**"), by and through their respective counsel.


IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:

1.      This Protective Order shall govern the handling of all documents (including "documents" as defined in Fed. R. Civ. P. 34(a)), deposition testimony, discovery responses, Declaration of Conduit or Non-Transferee Status and any documents submitted in connection therewith, and other materials, oral or written, including all copies and excerpts thereof (collectively "**Material**") produced or provided by a Party (in such capacity, a "**Producing Party**") in connection with the Action.  The Material provided by any Producing Party shall be handled in accordance with this Protective Order, and shall be used by each Party that receives such Material other than the Producing Party (in such capacity, a "**Receiving Party**") only in the Action, and/or as set forth in paragraph 9 hereof, and not for any commercial, business, competitive or other purpose.

2.      Material that contains or discloses information (i) that a Party in good faith considers to be, reflect, or reveal sensitive commercial, financial, business, or personal information (including, without limitation, such information regarding that Party or any of its clients), trade secrets or other confidential research, development or commercial information, the public disclosure of which may adversely affect the Party, its employees (or a third party that supplied the Material or a client or former client of the Party), or other confidential information entitled to protection under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other federal, state, or other applicable law, rule or regulation, or (ii) that is the subject of another confidentiality agreement, may be designated by any Producing Party as **Confidential Material**, regardless of who produces such material, and, where appropriate, redacted by the Producing Party. All Confidential Material produced or designated by any Party shall bear the legend "Confidential" on each page in addition to an appropriate bates-stamp designation indicating the Producing Party.

3.      Confidential Material provided or designated by the Producing Party or its professionals shall be held by the Receiving Party and its professionals in strict confidence. Unless required by law or court order, or unless agreed otherwise with the Producing Party, such Confidential Material shall not be given, shown, made available or communicated in any way to anyone other than (i) counsel of record for the Parties, and attorneys, clerical, paralegal and other staff employed by or working with such counsel, including any outside vendor providing litigation support or photocopying services, (ii) in-house counsel for the Parties, (iii) any expert or consultant retained by or on behalf of a Party in connection with the Action, (iv) officers, employees, and members, as applicable, of the Parties who may be necessary to assist in connection with the Action, (v) witnesses at any deposition taken in connection with the Action (and counsel for such witness), (vi) court reporters and their employees, (vii) the Court and Court personnel (subject to the provisions of paragraph 6 below), and (viii) the Parties themselves, to the extent the Parties are individuals. Persons listed in subparagraphs (ii), (iii), (iv), (v) and (viii) may be given access to Confidential Material only after counsel has provided a copy of this Protective Order and causes each such person to execute the Protective Order or the Acknowledgement attached hereto as Appendix A.  Counsel for the Party disclosing Confidential Material to persons under subparagraphs (ii), (iii), (iv), (v) and (viii) shall be responsible for holding each executed Acknowledgement.

4.      Certain Confidential Material ("**Highly Confidential Material**") may be designated "Highly Confidential, For Professional Eyes Only" if a Party in good faith believes such Confidential Material is so sensitive that protections beyond those afforded by paragraph 3 are necessary.  The persons listed in paragraphs 3(i), 3(vi) and 3(vii) shall be allowed access to Highly Confidential Material consistent with the requirements set forth in paragraph 3. The persons listed in paragraphs 3(iii) and 3(v) shall be allowed access to Highly Confidential

Material only after counsel has provided a copy of this Protective Order and causes each such person to execute the Acknowledgement attached hereto as Appendix A.  No persons listed in paragraph 3(ii) or 3(iv) shall be given access to Highly Confidential Material unless (i) the Material was produced by the current employer of the person; (ii) the person initially created, sent or received such Material; (iii) each person or Party that designated the documents or materials as Highly Confidential Material consents to such access; or (iv) the Court orders such access.  Highly Confidential Material shall bear the legend "Highly Confidential, For Professional Eyes Only" on each page.

5.      Failure to designate Confidential Material as "Confidential" or "Highly Confidential, For Professional Eyes Only" at the time of production may be remedied by supplemental written notice to counsel for the Receiving Party and, upon receiving such written notice, the Receiving Party shall thereafter treat the designated materials in accordance with the terms of this Protective Order.  The designation of a document or information as Confidential Material or Highly Confidential Material is without prejudice to the right of any Receiving Party to challenge such designation as provided in Paragraph 13 of this Protective Order.

6.      Information or testimony disclosed at a deposition may be designated as Confidential Material or Highly Confidential Material by the person providing such testimony, or his or her counsel, or by any Party, if such person, counsel or Party (which person, counsel or Party shall thereafter be deemed a Producing Party with respect to such Material) (i) identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material or Highly Confidential Material, or (ii) within ten (10) days after the receipt of the final version of the transcript from the deposition, provides written notification to all Parties through the Parties' counsel of those pages and lines of the transcript

that are designated as Confidential Material or Highly Confidential Material. The entire transcript of any deposition shall be treated as Highly Confidential Material until ten (10) days after the receipt of the final version of the transcript from the deposition. Each page of deposition transcript designated in whole or in part as Confidential Material shall be marked as "Confidential" and each page of deposition transcript designated in whole or in part as Highly Confidential Material shall be marked as "Highly Confidential, For Professional Eyes Only" by the court reporter. At the request of the Producing Party, any person(s) not permitted access to Confidential Material and/or Highly Confidential Material under the terms of this Protective Order shall be excluded from any portion of any deposition or examination at which such Confidential Material or Highly Confidential Material is used. The court reporter transcribing the testimony at such deposition shall not be so excluded.

7.      Confidential Material or Highly Confidential Material shall not be filed with the Court except when required in connection with motions under Fed. R. Civ. P. 12 or 56, or other matters pending before the Court. Unless otherwise consented to by the Producing Party or, to the extent the Producing Party is no longer a defendant in this action, by counsel for the party about whom the Confidential Material or Highly Confidential Material relates (the "**Substitute Party**"), all documents, including pleadings, motions and other papers, containing, identifying, or referencing Confidential Material or Highly Confidential Material filed with the Court shall be filed under seal. The Parties shall file a redacted public copy of any such pleadings, motions and/or other papers, redacting only that information that has been designated Confidential Material or Highly Confidential Material.

8.      Confidential Material or Highly Confidential Material, other than that (a) already publicly disclosed in the initial complaint in the Action, and (b) which is necessary for the Plaintiffs to identify the name and address of any party to be added as a defendant in

this action along with the number of shares of CHT common stock each party held as of the Payment Record Date (as such term is defined in the Proposed Stipulation and Order Regarding Protocol for Initial Discovery and Dismissal of Conduits and Non-Transferees (the "**Protocol**"), the amount of Shareholder Redemption Payments (as defined in the Protocol) received by such party in exchange for such shares of CHT common stock, and the status of each party as either a United States citizen or Foreign Person (as defined in the Protocol), shall not be used, relied upon, revealed, or disclosed in an amended complaint in the Action or any other action commenced by the Plaintiffs.  If Plaintiffs seek to file an amended complaint in the Action or any other action commenced by the Plaintiffs that would use, rely upon, or disclose Confidential Material or Highly Confidential Material, other than that information set forth above, Plaintiffs shall provide to all other Parties, through the Parties' counsel, at least thirty (30) days' notice and an opportunity to be heard by the Court prior to the filing of such amended complaint.

     9.    Nothing herein shall preclude Plaintiffs from disclosing Confidential Material or Highly Confidential Material to the Internal Revenue Service if required by the Internal Revenue Service for the purpose of determining any tax liability.  In the event that Plaintiffs intend to disclose Confidential Material or Highly Confidential Material to the Internal Revenue Service, Plaintiffs shall provide the Producing Party with written notice of such at least three (3) business days in advance.

     10.    If any Receiving Party reasonably believes it may use any Confidential Material or Highly Confidential Material at any hearings in connection with the Action, that Party agrees to provide at least three (3) business days' notice of such intention to the Producing Party through the Producing Party's counsel so that the Producing Party can take all steps necessary to protect the confidentiality of such material.  The Receiving Party intending to

use Confidential Material or Highly Confidential Material in connection with such hearings further agrees to meet and confer in good faith through its counsel with the Producing Party's counsel about appropriate steps that may be taken to protect the confidentiality of such material, including clearing the Courtroom and/or agreeing to redact such Confidential Material or Highly Confidential Material.

11.    In the event that a Producing Party moves the Court for any protections regarding the use of Confidential Material or Highly Confidential Material at any hearing in connection with the Action, the Receiving Party wishing to use such Confidential Material or Highly Confidential Material shall not use the Confidential Material or Highly Confidential Material in question unless and until the Court enters an Order permitting such use or as otherwise agreed by the Producing Party.  Nothing contained in this Paragraph shall preclude the Receiving Party wishing to use such Confidential Material or Highly Confidential Material from orally moving the Court at any hearing for leave to use or reveal such Confidential Material or Highly Confidential Material.

12.    The Parties agree that production, inadvertent or otherwise, of Material that is an attorney-client privileged communication, or work product as defined under Federal Rule of Bankruptcy Procedure 7026(b)(3), the Federal Rules of Civil Procedure or any other applicable law, or otherwise privileged or immune, shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine or other applicable privilege or protection.  In the event that any Material is produced that the Producing Party later claims is protected by a privilege or immunity, or has otherwise been inadvertently produced, the Receiving Party shall use all commercially reasonable efforts promptly to destroy or return all copies of same to counsel to the Producing Party within five (5) days of written notice and also comply with reasonable requests of the Producing Party for handling such Material.  This paragraph is

without prejudice to the right of any Receiving Party to challenge the Producing Party's assertion of any privilege or immunity from production.

13.     This Protective Order does not alter, modify or expand any obligation or duty of any Party to produce any Confidential Material or Highly Confidential Material.

14.     The Producing Party reserves the right to determine for itself the Confidential Material and Highly Confidential Material it will produce.  This reservation of rights is without prejudice to the right of any Party to request that the Court compel production of Confidential Material and/or Highly Confidential Material.

15.     No Party shall be obligated to challenge the propriety of a confidentiality designation, and failure to do so shall not preclude a subsequent challenge to such designation.  If, in good faith, any Receiving Party objects to the designation or treatment of any Confidential Material or Highly Confidential Material, the Party shall so state by letter to counsel for the Producing Party or Substitute Party.  Counsel for the Receiving Party and counsel for the Producing Party or Substitute Party, as the case may be, shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of the Confidential Material or Highly Confidential Material.  In the event that (a) the Producing Party or Substitute Party, as the case may be, does not respond to the Receiving Party's letter, or (b) the Producing Party, or Substitute Party, and Receiving Party are unable to resolve a dispute concerning the treatment of the Confidential Material or Highly Confidential Material, the Receiving Party shall, within fourteen (14) days of either (a) transmission of the letter, or (b) the Parties' meet and confer, file an application with the Court, under seal, challenging the designation of the Confidential Material or Highly Confidential Material.  In its application to the Court, the Receiving Party shall identify the specific documents or transcript excerpts to which it objects as well as the basis for its objection as to each document

or transcript excerpt.  The Producing Party, or the Substitute Party, as the case may be, shall have five (5) business days to oppose the application.  This Protective Order shall not affect the burden of proof with respect to the propriety of the designation.  Pending determination of such application, the challenged Confidential Material or Highly Confidential Material shall continue to be treated in accordance with its original designation.  Nothing in this paragraph 15 or this Protective Order shall preclude the Receiving Party from filing with the Court Confidential Material or Highly Confidential Material under seal without further notice, in accordance with paragraph 7 of this Protective Order.

16.     In the event that a Receiving Party is requested or required by any person or entity (by law, oral questions, government action, interrogatories, requests for information or documents, subpoena, civil investigation demand or similar process) to provide or produce Confidential Material or Highly Confidential Material, the Receiving Party shall, unless prohibited from doing so by applicable law, give the Producing Party's counsel prompt written notice as soon as practicable under the circumstances and before any Confidential Material or Highly Confidential Material is produced so that the Producing Party has an opportunity to object to production.

17.     Except as provided otherwise by any subsequent order of the Court, within thirty (30) days after receiving notice of entry of an order, judgment or decree finally disposing of or resolving the Action (including appeals), or as otherwise agreed by all Parties, any Receiving Party shall use all commercially reasonable efforts to return all Confidential Material and Highly Confidential Material provided by a Producing Party in connection with the Action, including all copies, summaries and excerpts thereof, to counsel to the applicable Producing Party or destroy them.  If the Confidential Material or Highly Confidential Material is destroyed, counsel for the Receiving Party shall, within seven (7) days following

such destruction, certify in writing to counsel to the Producing Party that all such Confidential Material and Highly Confidential Material within its possession or control has been destroyed.  Notwithstanding the foregoing, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product that include or refer to Confidential Material or Highly Confidential Material, provided that such counsel, and employees of such counsel, shall not disclose any Confidential Material or Highly Confidential Material in such court papers, deposition or trial transcripts or attorney work product to any person, except pursuant to court order or written agreement with the Producing Party.

18.    This Protective Order shall not apply to any document, testimony or other information that (i) is already in a Receiving Party's possession at the time it is produced and is not subject to or governed by any other confidentiality agreement or restrictions, (ii) becomes generally available to the public other than as a result of disclosure in violation of this Protective Order or in breach of other legal obligation, or (iii) becomes available to a Receiving Party through voluntary or required production from a person or Party who obtained the document, testimony or other information without any confidentiality restriction.

19.    Each Party acknowledges that it is aware that the use of Confidential Material or Highly Confidential Material produced in connection with the Action for any purpose inconsistent with the terms of this Protective Order will violate this Protective Order.  This Protective Order is not to be construed as an agreement or representation that any such documents, including Confidential Material or Highly Confidential Material, are relevant to any claim or defense in the Action or any subsequent action or proceeding that may be

commenced, nor that such Confidential Material or Highly Confidential Material should properly be produced in the Action or any such proceeding.

20.     Notwithstanding any provision contained herein, nothing in this Protective Order shall restrict in any way the right of any Party to make use of its own Confidential Material or Highly Confidential Material in any way it deems fit, or modify the terms of any other agreements, stipulations, laws or orders governing the treatment of confidential documents by any Party.

21.     This Protective Order shall be deemed effective as to each Party, its attorneys, agents and representatives, upon execution by each such Party.   When effective, this Protective Order applies to any Confidential Material or Highly Confidential Material produced or otherwise provided prior to its execution.

22.     This Protective Order shall remain binding after the conclusion of the Action.

23.     This Protective Order shall be without prejudice to and does not impair the ability or rights of any Party to seek further limits on disclosure or protections for the confidentiality of any Confidential Material and/or Highly Confidential Material in addition to the limits and protections provided herein.   Accordingly, the Parties reserve the right to seek further modification of this Protective Order from the Court.   Without limiting the foregoing, no Party shall argue that the entry by any Party into this Protective Order or its taking of any other action pursuant to this Protective Order constitutes a consent to the Court's jurisdiction or waives any defense, right or claim of the Party.

24.     The terms and limitations of this Protective Order shall not be modified or deviated from except upon written stipulation by counsel for the Parties, or by Order of the Court.

25.     This Protective Order shall be governed and construed in accordance with the laws of the State of New York without reference to New York's choice of law rules.

26.     This Protective Order may be executed in any number of counterparts and shall constitute one agreement binding upon all Parties thereto as if all Parties signed the same document.  Scanned signatures shall be treated as originals for all purposes.

**STIPULATED AND AGREED:**

Dated:   July 27, 2018

| | |
|---|---|
| By: _____ */s/ Mark T. Power*_____ | By: _____ */s/ Ross Firsenbaum*_____ |
| Mark T. Power<br>John P. Amato<br>Joseph Orbach<br>Annie P. Kubic<br>HAHN & HESSEN LLP<br>488 Madison Avenue<br>New York, New York 10022<br>mpower@hahnhessen.com<br>jamato@hahnhessen.com<br>jorbach@hahnhessen.com<br>akubic@hahnhessen.com<br><br>*Special Counsel and Conflicts Counsel to Plaintiffs* | Ross Firsenbaum<br>Lauren Lifland<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>philip.anker@wilmerhale.com<br>lauren.lifland@wilmerhale.com<br><br>*Counsel to Defendants sued as "Capita IRG Trustees (Nominees) Limited"; "Credit Suisse Client Nominees (UK) Limited D6m5pb ACCT"; "Barclayshare Nominees Limited"; "Brewin Nominees Limited Gross ACCT"; "Morgan Stanley Client Securities Nominees Limited"; and "Morgan Stanley Client Securities Nominees Limited Seg Acct"* |
| By: _____ */s/ Matt Popowsky*_____ | By: _____ */s/ Jay Teitelbaum*_____ |
| Matthew Popowsky, Esq.<br>UBS Group AG<br>1285 Avenue of the Americas | Jay Teitelbaum<br>Teitelbaum Law Group, LLC<br>1 Barker Avenue, Third Floor |

| New York, New York 10019 | White Plains, New York 10601 |
|---|---|
| matthew.popowsky@ubs.com | jteitelbaum@tblawllp.com |
| *Counsel to Defendant UBS Private Banking Nominees Ltd MAINPOOL Acct* | *Counsel to Defendants Chase Nominees Limited and Chase Nominees Limited EXDEPAIF* |

**SO ORDERED:**



**Dated: August 24, 2018**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

**APPENDIX A**

**ACKNOWLEDGEMENT AND
AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER**

_____ ("_____"),by its counsel or authorized representative,

hereby acknowledges that it has received and read a copy of the Protective Order dated

_____ __, 2018 executed in connection with the matter captioned *Orion Healthcorp, Inc., et*

*al. ,v. Capita IRG Trustees (Nominees) Limited,. et al.*, Adv. Pro. No. 18-08048 (AST) (the

"**Action**"), an adversary proceeding arising in connection with the Chapter 11 case *In re*

*Orion Healthcorp, Inc.*, Case No. 18-71748 (AST) (Bankr. E.D.N.Y.).  _____, through its

counsel or authorized representative, expressly hereby agrees to be bound by the Protective

Order.

       DATED: ___ ___, 2018

                            _____

                            Name:
                            Title: