# EXHIBIT A – Scheduling Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
: Chapter 11
In re: :
: Case No. 18-71748-67 (AST)
Orion HealthCorp, Inc., *et al.*, : Case No. 18-71789 (AST)
: Case No. 18-74545 (AST)
Debtors. :
: (Jointly Administered)
:
------------------------------------------------------------------- x
:
Howard M. Ehrenberg in his capacity as Liquidating :
Trustee of Orion Healthcorp, Inc., *et al*., :
: Adv. Pro. No. 18-08048 (AST)
Plaintiff, :
v. :
:
Richard Ian Griffiths, VT Garraway Investment Fund :
Series IV (f/k/a City Financial Investment Fund Series :
IV), Legal & General Investment Management Limited, :
L&G Linked PF, Legal & General (Unit Trust :
Managers) Limited, Legal & General UK Alpha Trust, :
The Bankers Investment Trust PLC, Marlborough Fund :
Managers Limited, Marlborough UK Micro-Cap Growth :
Fund, Jarvis Investment Management Limited, JIM :
Nominees Limited, Herald Investment Trust PLC, :
Milkwood Capital Limited, The Milkwood Fund, Sir :
Rodney Malcolm Aldridge, Edale Capital LLP, Credit :
Suisse Client Nominees (UK) Limited, Goldman Sachs :
Group UK Limited, Miton UK MicroCap Trust PLC, :
Jefferies International Limited, Pershing Nominees :
Limited, Merrill Lynch International, JPMorgan Smaller :
Companies Investment Trust PLC, Skandinaviska :
Enskilda Banken AB (Publ), Brewin Dolphin Limited, :
AJ Bell Securities Limited, Pershing :
:

| | |
|---|---|
| Securities Limited, Pershing Nominees Limited, JPMorgan Trust I, ABN AMRO Clearing Bank N.V., London Branch, THESIS Unit Trust Management Limited, Thesis Headway A Sub-Fund, Tilney Asset Management Services Limited (f/k/a Towry Asset Management Limited), Platform Securities Nominees Limited, Freedom Global Funds PCC Limited, Interactive Investor Services Limited, Interactive Investor Services Nominees Limited, Matthew Max Edward Royde, Montlake UCITS Platform ICAV, Elite Webb Capital Fund, Raymond James Investment Services Limited, Pershing Nominees Limited, Rathbone Investment Management Limited, Credo Capital Limited, Pershing Nominees Limited, UBS Private Banking Nominees Limited, Linear Investments Limited, Credit Suisse (Channel Islands) Limited, Stifel Nicolaus Europe Limited, Walker Crips Investment Management Limited (f/k/a Walker Crips Stockbrokers Limited), W.B. Nominees Limited, Gabelli Investor Funds, Inc. (a/k/a The Gabelli ABC Fund), Charles Stanley & Co. Limited, Rock (Nominees) Limited, finnCap Ltd, Megan Amelia Elizabeth Royde, John Joseph Johnston, Interactive Investor Limited, Investec Wealth & Investment Limited, Ferlim Nominees Limited, CFS Management Ltd (f/k/a CFS Portfolio Management Ltd), David Andrew Clark, Karin Johnston, and The United States of America, Department of Treasury, Internal Revenue Service, <br><br>                                Defendants. <br>------------------------------------------------------------------- | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding, the following schedule shall apply.

**IT IS HEREBY ORDERED THAT:**

1. Notwithstanding anything to the contrary contained in this Scheduling Order, Paragraphs 2-7 and 10-11 herein shall not apply with respect to any Defendant that is a Conduit Defendant (as defined below).

**A. Defendants Asserting Personal Jurisdiction Defenses**

2. Any Defendant that seeks to assert a personal jurisdiction defense must file a motion pursuant to Fed. R. Civ. P. 12(b)(2) (a "Personal Jurisdiction Motion") on or before November 1, 2019. Such Personal Jurisdiction Motion shall be without waiver to any other defenses the Defendant may have, with the exception of service of process.

3. In response to a Personal Jurisdiction Motion, Plaintiff may seek discovery limited to issues relating to the Personal Jurisdiction Motion. All discovery in connection with a Personal Jurisdiction Motion shall be noticed so as to be concluded by January 31, 2020.

4. Plaintiff shall file any opposition to a Personal Jurisdiction Motion on or before February 28, 2020.

5. Defendant shall file any replies to Plaintiff's opposition on or before March 27, 2020.

6. If the Court denies a Personal Jurisdiction Motion with respect to any Defendant, such Defendant shall have forty five (45) days from such denial to answer or otherwise respond to the First Amended Complaint. If any Defendant moves to dismiss the Complaint by such date, Plaintiff shall have forty five (45) days from the date of the motion to file a responsive pleading, and Defendant shall have thirty (30) days from the date of Plaintiff's responsive pleading to file a reply. Defendants seeking to dismiss the First Amended Complaint on common grounds are encouraged to coordinate with respect to their briefing and should submit shared briefs on common legal issues.

7. In the event a Defendant's Personal Jurisdiction Motion has not been decided by May 8, 2020, the Court shall schedule a status conference to address whether to schedule a response deadline to the First Amended Complaint and an accompanying briefing schedule.

### B. Defendants Asserting Conduit Defenses

8. Any Defendant asserting a conduit or non-transferee defense, including those Defendants who executed the Stipulation and [Proposed] Order (the "Supplemental Conduit Protocol Order") entered by the Court on September 6, 2019 and any additional defendants who subsequently join the Supplemental Conduit Protocol (with the express written consent of Plaintiff) upon executing the Acknowledgement and Undertaking (collectively, the "Conduit Defendants") must enter into the Supplemental Conduit Protocol on or before October 11, 2019, or such later date as agreed to by the Parties, but in no event later than November 1, 2019. Entry into the Supplemental Conduit Protocol is without waiver to any other defenses the Defendant may have (including, for the avoidance of doubt, lack of personal jurisdiction, section 546(e) of title 11 of the United States Code, or any other grounds for dismissal), with the exception of service of process.

9. All deadlines with respect to Conduit Defendants shall either be (i) governed by the Supplemental Conduit Protocol Order or, to the extent not addressed by the Supplemental Conduit Protocol Order, (ii) agreed to by the applicable Conduit Defendant and Plaintiff following a meet and confer, after which the parties will present the Court with a proposed scheduling order with respect to such Conduit Defendant.

### C. Defendants Asserting Other Defenses

10. Any Defendant who does not file a Personal Jurisdiction Motion must answer or otherwise respond to the Complaint on or before November 1, 2019.

11. To the extent a Defendant files a motion to dismiss on any grounds other than personal jurisdiction, Plaintiff shall have thirty (30) days from the date of the motion to file a responsive pleading, and Defendant shall have fifteen (15) days from the date of Plaintiff's responsive pleading to file a reply. To the extent a motion to dismiss includes a personal

jurisdiction argument, then Plaintiff shall be entitled to serve discovery and the deadlines set forth in Paragraphs 3 through 5 shall apply to such motion.

12. The Court shall hold in abeyance all legal issues raised in any motion to dismiss, other than personal jurisdiction issues, until all Defendants have the opportunity to brief common legal issues which may be asserted by Defendants pursuant to Paragraph 7.

### D. Internal Revenue Service

13. Defendant The United States of America, Department of Treasury, Internal Revenue Service (the "IRS") previously filed a motion to dismiss the original complaint. Pursuant to a stipulation between the Plaintiff and the IRS, the motion to dismiss the original complaint and all associated briefing shall be deemed to apply to the First Amended Complaint. Nothing in this order shall be deemed to constitute a waiver of any claim, counterclaim, crossclaim, or defense of the IRS.

### E. Defendants in Default

14. To the extent not already done, Plaintiff may move for entry of default against any Defendant that has not filed a Personal Jurisdiction Motion, is not a Conduit Defendant, has not otherwise responded to the First Amended Complaint, and has not received an extension of the deadline to respond to the First Amended Complaint.

### F. Defendants Where Service Has Not Yet Been Completed

15. Plaintiff shall continue to attempt to effectuate foreign service on all Defendants where service is not yet complete.

16. Upon the completion of service, Plaintiff and the applicable Defendant shall meet and confer and present the Court with a proposed scheduling order with respect to such Defendant. If the Plaintiff and any Defendant are unable to agree to the terms of a proposed

scheduling order then Plaintiff shall inform the Court by letter, and request the scheduling of a status conference.

### G. Status Reports

17. On or before November 8, 2019, Plaintiff shall file a status report (the "<u>Initial Status Report</u>") setting forth the status of this action with respect to every Defendant, including identifying which Defendants have opted-in to the Supplemental Conduit Protocol and/or made a Personal Jurisdiction Motion.

18. Every sixty days (60) after the filing of the Initial Status Report Plaintiff shall file updated status reports with the Court identifying any changes in status from the Initial Status Report.

### H. Miscellaneous

19. Deadlines contained in this Scheduling Order may be extended only by order of the Court, which may be requested pursuant to stipulation or by written motion (which may be in the form of a letter to the Court) for good cause shown.

20. The Court may request the Plaintiff and Defendants meet and confer with respect to additional Scheduling Orders as may be appropriate.

21. Plaintiff shall serve this Scheduling Order on Defendants within five (5) business days after the entry of this Order.

Dated: October ___, 2019
      Brooklyn, New York

                                      HON. ALAN S. TRUST
                                      UNITED STATES BANKRUPTCY JUDGE