Mark T. Power, Esq.
John P. Amato, Esq.
**HAHN & HESSEN LLP**
488 Madison Avenue, Suite 1400
New York, New York 10022
Telephone:  (212) 478-7200
E-mail:     mpower@hahnhessen.com
            jamato@hahnhessen.com

*Counsel to the Plaintiff*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| Orion HealthCorp, Inc., *et al.*, | Case No. 18-71748-67 (AST)<br>Case No. 18-71789 (AST)<br>Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------------------- x

| | |
|---|---|
| Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*, | |
| Plaintiff, | Adv. Pro. No. 18-08048 (AST) |
| v. | |
| Richard Ian Griffiths, VT Garraway Investment Fund Series IV (f/k/a City Financial Investment Fund Series IV), Legal & General UK Alpha Trust, Legal and General Assurance Society Limited, The Bankers Investment Trust PLC, Marlborough Fund Managers Limited, Marlborough UK Micro-Cap Growth Fund, Jarvis Investment Management Limited, JIM Nominees Limited, Herald Investment Trust PLC, Milkwood Capital Limited, The Milkwood Fund, Sir Rodney Malcolm Aldridge, Edale Capital LLP, Credit Suisse Client Nominees (UK) Limited, Goldman Sachs Group UK Limited, Miton UK MicroCap Trust PLC, Jefferies International Limited, Pershing Nominees Limited, Merrill Lynch International, JPMorgan Smaller Companies Investment Trust PLC, Skandinaviska Enskilda Banken AB (Publ), Brewin Dolphin Limited, AJ Bell Securities Limited, Pershing Securities Limited, | |

| | |
|---|---|
| Pershing Nominees Limited, JPMorgan Trust I, ABN AMRO Clearing Bank N.V., London Branch, THESIS Unit Trust Management Limited, Thesis Headway A Sub-Fund, Tilney Asset Management Services Limited (f/k/a Towry Asset Management Limited), Platform Securities Nominees Limited, Freedom Global Funds PCC Limited, Interactive Investor Services Limited, Interactive Investor Services Nominees Limited, Matthew Max Edward Royde, Montlake UCITS Platform ICAV, Elite Webb Capital Fund, Raymond James Investment Services Limited, Pershing Nominees Limited, Rathbone Investment Management Limited, Credo Capital Limited, Pershing Nominees Limited, UBS Private Banking Nominees Limited, Linear Investments Limited, Credit Suisse (Channel Islands) Limited, Stifel Nicolaus Europe Limited, Walker Crips Investment Management Limited (f/k/a Walker Crips Stockbrokers Limited), W.B. Nominees Limited, Gabelli Investor Funds, Inc. (a/k/a The Gabelli ABC Fund), Charles Stanley & Co. Limited, Rock (Nominees) Limited, finnCap Ltd, Megan Amelia Elizabeth Royde, John Joseph Johnston, Interactive Investor Limited, Investec Wealth & Investment Limited, Ferlim Nominees Limited, CFS Management Ltd (f/k/a CFS Portfolio Management Ltd), David Andrew Clark, Karin Johnston, and The United States of America, Department of Treasury, Internal Revenue Service,<br><br>                Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : |
-------------------------------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF MOTION FOR LEAVE
TO AMEND COMPLAINT, AUTHORIZE ALTERNATIVE
METHODS OF FOREIGN SERVICE AND RELATED RELIEF**

**PLEASE TAKE NOTICE** that upon the annexed motion (the "Motion") of Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*, in the above-captioned adversary proceeding (the "Liquidating Trustee"), by his counsel Hahn & Hessen LLP, the proposed order (the "Order"), substantially in the form annexed to the Motion as Exhibit "A", will be presented before the

2

Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, located at Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on **February 14, 2020 at 12:00 p.m.** authorizing the Liquidating Trustee to file an amended complaint, authorizing alternative means of foreign service and related relief.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application or the Order must be filed and served within twenty-one (21) days after the date of filing of this Application plus any extension of time pursuant to Bankruptcy Rule 9006 or E.D.N.Y. LBR 9006-1.

**Please be advised that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the applicant.**

Dated: New York, New York
January 21, 2020

           **HAHN & HESSEN LLP**

           By: ___/s/ *John P. Amato*___
               John P. Amato
               Mark T. Power
               Joseph Orbach

           488 Madison Avenue
           New York, New York 10022
           Telephone: (212) 478-7200
           jamato@hahnhessen.com
           mpower@hahnhessen.com
           jorbach@hahnhessen.com

           *Counsel to Plaintiff*

Mark T. Power, Esq.
John P. Amato, Esq.
**HAHN & HESSEN LLP**
488 Madison Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 478-7200
E-mail: mpower@hahnhessen.com
jamato@hahnhessen.com

*Counsel to the Plaintiff*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------- x
|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 18-71748-67 (AST) |
| Orion HealthCorp, Inc., *et al.*, | Case No. 18-71789 (AST) |
|  | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------------------- x

|  |  |
|---|---|
| Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*, |  |
|  | Adv. Pro. No. 18-08048 (AST) |
| Plaintiff, |  |
| v. |  |
| Richard Ian Griffiths, VT Garraway Investment Fund Series IV (f/k/a City Financial Investment Fund Series IV), Legal & General UK Alpha Trust, Legal and General Assurance Society Limited, The Bankers Investment Trust PLC, Marlborough Fund Managers Limited, Marlborough UK Micro-Cap Growth Fund, Jarvis Investment Management Limited, JIM Nominees Limited, Herald Investment Trust PLC, Milkwood Capital Limited, The Milkwood Fund, Sir Rodney Malcolm Aldridge, Edale Capital LLP, Credit Suisse Client Nominees (UK) Limited, Goldman Sachs Group UK Limited, Miton UK MicroCap Trust PLC, Jefferies International Limited, Pershing Nominees Limited, Merrill Lynch International, JPMorgan Smaller Companies Investment Trust PLC, Skandinaviska Enskilda Banken AB (Publ), Brewin Dolphin Limited, AJ Bell Securities Limited, Pershing Securities Limited, |  |

| | |
|---|---|
| Pershing Nominees Limited, JPMorgan Trust I, ABN AMRO Clearing Bank N.V., London Branch, THESIS Unit Trust Management Limited, Thesis Headway A Sub-Fund, Tilney Asset Management Services Limited (f/k/a Towry Asset Management Limited), Platform Securities Nominees Limited, Freedom Global Funds PCC Limited, Interactive Investor Services Limited, Interactive Investor Services Nominees Limited, Matthew Max Edward Royde, Montlake UCITS Platform ICAV, Elite Webb Capital Fund, Raymond James Investment Services Limited, Pershing Nominees Limited, Rathbone Investment Management Limited, Credo Capital Limited, Pershing Nominees Limited, UBS Private Banking Nominees Limited, Linear Investments Limited, Credit Suisse (Channel Islands) Limited, Stifel Nicolaus Europe Limited, Walker Crips Investment Management Limited (f/k/a Walker Crips Stockbrokers Limited), W.B. Nominees Limited, Gabelli Investor Funds, Inc. (a/k/a The Gabelli ABC Fund), Charles Stanley & Co. Limited, Rock (Nominees) Limited, finnCap Ltd, Megan Amelia Elizabeth Royde, John Joseph Johnston, Interactive Investor Limited, Investec Wealth & Investment Limited, Ferlim Nominees Limited, CFS Management Ltd (f/k/a CFS Portfolio Management Ltd), David Andrew Clark, Karin Johnston, and The United States of America, Department of Treasury, Internal Revenue Service,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

------------------------------------------------------------------------------ x

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, AUTHORIZE ALTERNATIVE METHODS OF FOREIGN SERVICE AND RELATED RELIEF**

TO:    THE HONORABLE ALAN S. TRUST,
        UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*, as plaintiff in the above-captioned adversary proceeding (the "Plaintiff"), respectfully submits this motion (the "Motion") for an order (1) granting leave

5

to amend complaint pursuant to Federal Rule of Bankruptcy Procedure 7015 and Federal Rule of Civil Procedure 15(a)(2), (2) authorizing alternative means of foreign service pursuant to the Federal Rules of Civil Procedure Rules 4 and 12, and (3) granting further and related relief as this Court deems just and proper.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

2. The statutory predicates for the relief sought herein is Civil Rules 4, 12, and 15 made applicable herein by Bankruptcy Rules 7004, 7012 and 7015, and 11 U.S.C. § 105.

## PROCEDURAL BACKGROUND

3. On March 16, 2018 and July 5, 2018, the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* in the United States Bankruptcy Court for the Eastern District of New York.

4. On March 29, 2018, the Debtors commenced the above-captioned adversary proceeding (the "Adversary Proceeding") through the filing of a summons and complaint against certain alleged shareholders of CHT and The United States of America, Department of Treasury alleging claims for, *inter alia*, fraudulent conveyance arising from each of the Defendants' receipt of the Merger Proceeds. [ECF No. 1].

5. On August 23, 2018, the Court entered a Stipulation and Order Regarding Protocol for Initial Discovery and Dismissal of Conduits and Non-Transferees [ECF No. 61] (the "Original Protocol"). Pursuant to the Original Protocol, the Plaintiff issued certain

discovery requests to the original named defendants and received discovery responses and objections.

6. Based in part upon information discovered through the Original Protocol, on June 25, 2019, the Liquidating Trustee filed the first amended complaint (the "Amended Complaint") [ECF No. 117] asserting claims for, *inter alia*, constructive trust, unjust enrichment, fraud, and fraudulent conveyance arising from each of the Defendants' receipt of the Merger Proceeds.

7. On September 6, 2019, the Court entered a Stipulation and Order Regarding Supplemental Protocol For Discovery and Dismissal of Certain Conduits and Non-Transferees [ECF No. 187] (the "Supplemental Conduit Protocol"). Pursuant to the Supplemental Conduit Protocol, certain Defendants alleged to be conduits or non-transferees have provided the Plaintiff with declarations and certain redacted discovery. The purpose of the Original Protocol and Supplemental Conduit Protocol was to enable the Plaintiff to obtain the identity of the beneficial holders who received the Shareholder Redemption Payments, and, if appropriate, name such parties in a second amended complaint.

8. On October 18, 2019, the Court entered a scheduling order (the "Scheduling Order") [ECF No. 207], which provided, *inter alia*, that Defendants who had not entered the Supplemental Conduit Protocol were required to file motions to dismiss on or before November 1, 2019, and were permitted to file motions on the sole issue of personal jurisdiction.

9. On October 22, 2019, in furtherance of the Supplemental Conduit Protocol, the Court entered its Order Granting Request for International Judicial Assistance (the "Letters Rogatory") [ECF No. 209].

10. On November 1, 2019, certain defendants[1] moved to dismiss the Amended Complaint for lack of personal jurisdiction (collectively, the "Motions to Dismiss").

11. On November 15, 2019, Plaintiff filed Requests for Clerk's Entry of Default against certain Defendants[2] [ECF Nos. 236-246].

12. On November 25, 2019, Master Cook of the High Court of Justice in the United Kingdom entered an order pursuant to the Letters Rogatory directing certain Defendants, who were parties to the Supplemental Conduit Protocol, to disclose certain redacted information within thirty (30) days [ECF No. 261].

13. On December 2, 2019, pursuant to the Supplemental Conduit Protocol, the Plaintiff dismissed eight Defendants from this Adversary Proceeding [ECF Nos. 250-257].

14. On December 23, 2019, pursuant to the Supplemental Conduit Protocol, the Plaintiff dismissed an additional Defendant from this Adversary Proceeding [ECF No. 266].

---

[1] The following are the fifteen (15) named Defendants who have filed motions to dismiss on account of alleged lack of personal jurisdiction: VT Garraway Investment Fund Series IV (f/k/a City Financial Absolute Equity Fund); Richard Ian Griffiths; The Bankers Investment Trust PLC; Marlborough UK Micro-Cap Growth Fund; Marlborough Fund Managers Limited; Herald Investment Trust PLC; Milkwood Capital Limited; The Milkwood Fund; Edale Capital LLP; Miton UK MicroCap Trust PLC; Skandinaviska Enskilda Banken AB (Publ); MontLake UCITS Platform ICVA; Elite Webb Capital Fund; Matthew Max Edward Royde; and Megan Amelia Elizabeth Royde (collectively, the "Motion to Dismiss Defendants").

[2] The following fourteen (14) Defendants are currently in Default: JIM Nominees Limited; Jarvis Investment Management Limited; Thesis Headway A Sub-Fund; Thesis Unit Trust Management Limited; Credo Capital Limited; Tilney Asset Management Services Limited (f/k/a Towry Asset Management Limited); Linear Investments Limited; Interactive Investor Services Limited; Interactive Investor Services Nominees Limited; Walker Crips Investment Management Limited (f/k/a Walker Crips Stockbrokers Limited); W.B. Nominees Limited; finnCap Ltd; Interactive Investor Limited; and CFS Management Ltd (f/k/a CFS Portfolio Management Ltd) (collectively, the "Defaulting Defendants"). Plaintiff has withdrawn its request for entries of default as it related to Merrill Lynch International [ECF No. 265], and has reached an agreement in principle to withdraw such request with respect to Defendants Sir Rodney Malcom Aldridge, David Andrew Clark, John Joseph Johnston and Karin Johnston.

15. On January 8, 2019, Plaintiff filed its Second Status Report pursuant to the Scheduling Order [ECF No. 267]. As detailed in the Second Status Report, there are currently four main categories of Defendants named in the First Amended Complaint. The first category are Defendants who have entered the Supplemental Conduit Protocol, but who have not yet been dismissed.[3] The second category are the Motion to Dismiss Defendants. The third category are the Defaulting Defendants. The final category are Defendants who have received an extension to respond to the First Amended Complaint.[4]

## RELIEF REQUESTED

### A. Authority to File Second Amended Complaint

16. As detailed above, the Plaintiff has gone to great lengths to determine the proper parties who received the Shareholder Redemption Payments and should be included as defendants in this Adversary Proceeding. This process has been time consuming, but at the present time, the Plaintiff believes that each of the Defendants named in the attached proposed Second Amended Complaint are the direct or indirect beneficial holders of CHT Stock who received the Shareholder Redemption Payments. In certain instances, some of the Defendants named in the Second Amended Complaint are asserting conduit defenses for which the parties are still in the meet and confer period set forth in the Supplemental Conduit Protocol. With respect to the Alleged Conduit Defendants, Plaintiff is not seeking to amend or override the Supplemental Conduit Protocol or change any deadlines contained

---

[3] These Defendants are: Marlborough UK Micro-Cap Growth Fund, Marlborough Fund Managers Limited, Credit Suisse Client Nominees (UK) Limited, Pershing Nominees Limited, JPMorgan Smaller Companies Investment Trust, PLC, JPMorgan Trust I, Brewin Dolphin Limited, Freedom Global Funds PCC Limited, ABN AMRO Clearing Bank N.V., London Branch, UBS Private Banking Nominees Limited, Pershing Securities Limited, Platform Securities Nominees Limited, Credit Suisse (Channel Islands) Limited, and Stifel Nicolaus Europe Limited (collectively, the "Alleged Conduit Defendants").

[4] These Defendants are Legal and General Assurance Society Limited, Legal and General Assurance Society Limited, Sir Rodney Malcolm Aldridge, Merrill Lynch International, Gabelli Investor Funds, Inc. (a/k/a The Gabelli ABC Fund), John Joseph Johnston, Karin Johnston, and David Andrew Clark.

therein. However, given the current status with respect to the Alleged Conduit Defendants, Plaintiff is preserving his rights in the event any such Defendant is not dismissed pursuant to the Supplemental Conduit Protocol (including any motion to dismiss which may be made by such Defendant pursuant to the terms of the Supplemental Conduit Protocol). Accordingly, Plaintiff seeks leave of the Court to allow for the filing of the Second Amended Complaint, attached hereto as Exhibit B,[5] which names additional defendants that the Plaintiff has identified through the Supplemental Conduit Protocol and Letters Rogatory.

17. Additionally, Plaintiff is not seeking to prejudice the Motion to Dismiss Defendants, and is not seeking to moot out the pending motions to dismiss by the filing of the Second Amended Complaint. While the Second Amended Complaint adds certain limited facts beyond what was asserted in the First Amended Complaint, it was contemplated by the parties that the Court could consider all discovery and documents produced in connection with the Personal Jurisdiction Motions to Dismiss. As such, the Motion to Dismiss Defendants will not be prejudiced by the filing of the Second Amended Complaint. Additionally, the Plaintiff requests that the order authorizing the filing of the Second Amended Complaint expressly provide that the Motion to Dismiss Defendants **not** be required to respond to the Second Amended Complaint unless and until ordered by the Court pursuant to a separate Court order (such as an order denying the Motions to Dismiss). The Plaintiff specifically consents to the Motion to Dismiss Defendants pending motions to dismiss be deemed as applying to the Second Amended Complaint. Likewise,

---

[5] Plaintiff anticipates that some Defendants named in the Second Amended Complaint attached as Exhibit B may be removed from the final Second Amended Complaint that will be filed due to, among other things, settlements which may be reached and/or resolution of claims against Alleged Conduit Defendants through the Supplemental Conduit Protocol. However, Plaintiff does not foresee any other material changes to the form of the Second Amended Complaint.

nothing contained in the Motion, proposed order or in the Second Amended Complaint shall be deemed to modify the Scheduling Order.

18. Similarly, while the Defaulting Defendants are in technical default with respect to the First Amended Complaint, the Plaintiff has elected to re-name such Defaulting Defendants and allow such Defaulting Defendants to appear and defend the Second Amended Complaint.[6]

19. Finally, the Second Amended Complaint adds certain counts solely against the director defendants identified in the Second Amended Complaint.

### B. Alternative Service Methods

20. Additionally, through this Motion, the Plaintiff seeks an order of the Court authorizing alternative means of service with respect to foreign defendants. Specifically, Plaintiff requests that the Court authorize service on any foreign located Defendant who has not appeared in this action[7] through service via overnight courier (such as Federal Express) signature required and/or return receipt requested. In addition to overnight courier, for Defendants residing in England, Plaintiff will have an additional courtesy copy of the summons and Second Amended Complaint served via first class post from the Plaintiff's United Kingdom counsel.[8]

## ARGUMENT

### A. Leave to Amend Should Be Freely Granted

---

[6] Given that the Plaintiff was contacted by several defendants after identifying such defendants as in default, the Plaintiff believes that some of the Defaulting Defendants may appear in this action, and, accordingly, is willing to waive any argument that such Defaulting Defendants are already in default if the Court grants this Motion.

[7] Any Defendant which has appeared in this action will receive copies of all pleadings through their counsel.

[8] The addresses of the new Defendants and the Defendants presently in default are set forth on Exhibit C.

11

21. Fed. R. Civ. Pro. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." The Supreme Court has held that in the absence of an identifiable justification for denying leave to amend (i.e., undue delay, bad faith or dilatory motive by the movant) leave to amend should be "freely given", and a court abuses its discretion in denying leave to amend in the absence of such reasons. *Forman v. Davis,* 371 U.S. 178, 182 (1962). This is a very liberal standard. *See Anderson News L.L.C. v. Am. Media Inc.,* 680 F.3d 162, 185 (2d Cir.)*, cert. denied sub nom. Curtis Circulation Co. v. Anderson News, L.L.C.,* 133 S. Ct. 846, 184 L. Ed. 2d 655 (2012) (when a party requests leave to amend its complaint, permission generally should be freely granted); *City of New York v. Grp. Health Inc.*, 649 F.3d 151, 157 (2d Cir. 2011) (party should be granted leave to amend its complaint "unless the non-movant demonstrates prejudice or bad faith"); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("leave to file an amended complaint shall be freely given when justice so requires and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility") (internal quotation marks and citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

22. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the

rules require, be freely given." *Id.* "Amendments are favored as a general matter" and "[u]nless there is a good reason to deny a motion to amend, failure to grant it is an abuse of discretion." *Eickhorst v. E.F. Hutton Grp., Inc.*, 763 F. Supp. 1196, 1203-04 (S.D.N.Y. 1990); *see Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) ("[A]mendment should normally be permitted . . . refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'") (quoting *Foman*, 371 U.S. at 182).

23. Here, there is plainly no evidence of undue delay, bad faith, undue prejudice or futility. The Defendants bear the burden of establishing that an amendment would be prejudicial. *Lamont v. Frank Soup Bowl, Inc.,* No. 99-CIV-12482 (JSM), 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000). They must "do more than simply claim to be prejudiced." *Id.* In the present case, none of the existing Defendants will be prejudiced by the amendment. Specifically, the Alleged Conduit Defendants currently in the Supplemental Conduit Protocol will remain in such protocol. Likewise, the Motion to Dismiss Defendants will continue to have their pending motions to dismiss and will not be required to respond to the Second Amended Complaint unless the Court issues a further order.

24. Moreover, the Plaintiff has not delayed in making this request to amend the Complaint, and has proceeded diligently in prosecuting this case, including the negotiation of the Supplemental Conduit Protocol and the issuance of the Letters Rogatory. In fact, the Plaintiff has gone to great lengths to obtain the identity of the recipients of the Shareholder Redemption Payments and has moved promptly following the receipt of unredacted information pursuant to the Letters Rogatory.

25. Finally, the filing of the Second Amended Complaint will occur prior to the two year statute of limitations set forth in Bankruptcy Code section 546. Accordingly, the Plaintiff could file an additional complaint as a matter of right against the newly named Defendants. However, to preserve judicial economy, the Liquidating Trustee submits that one complaint containing all of the non-Parmar affiliated recipients of the Shareholder Redemption Payments is in the interest of case management and judicial economy.

B. **The Court Should Authorize Alternative Service Methods**

26. The Plaintiff has previously expended significant sums utilizing a third-party service provider to serve foreign defendants through various countries Central Authorities, and through service utilizing procedures directed by the Bankruptcy Clerk's office. Civil Rule 4(f)(3) (made applicable to non-individuals pursuant to Civil Rule 4(h)(2)) provides: "[u]nless federal law provides otherwise, [a legal entity] …. may be served at a place not within any judicial district of the United States …. (3) by other means not prohibited by international agreement, as the court orders." Accordingly, to reduce the burden on the estates, while at the same time providing the Defendants with reasonable notice of the issuance of the summons and Second Amended Complaint, the Plaintiff proposes serving the summons and Second Amended Complaint via overnight courier (such as Federal Express) signature required and/or return receipt requested to all foreign Defendants with an additional courtesy copy to be mailed by the Liquidating Trustee's United Kingdom counsel for Defendants residing in England.

27. The Liquidating Trustee submits that such proposed substituted service of process (a) is not prohibited by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), (b) is permitted by case law, and (c) is

14

reasonably calculated to provide actual notice to the foreign Defendants of the pendency of their respective adversary proceedings and afford them an opportunity to respond.

      i. <u>Service via Overnight Mail on the foreign Defendants is not Prohibited by the Hague Convention</u>

  28. Substituted service of process on the foreign Defendants' via overnight mail on unrepresented foreign Defendants, is not prohibited because service of process can be accomplished <u>either</u> through the Hague Convention pursuant to Civil Rule 4(f)(1) <u>or</u> service as ordered by the Court under Civil Rule 4(f)(3). Indeed, courts have repeatedly rejected the argument that service under Civil Rule 4(f)(3) can only be utilized if other methods of service have failed or been shown to be unduly burdensome. *See, e.g.*, *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[W]e disapprove of the statements in *Graval* which would require attempted service by all feasible alternatives before service under Rule 4(f)(3) is allowed. Instead, we would hold that Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure…. By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)."). Service pursuant to Rule 4(f)(3) is "neither a last resort nor extraordinary relief. . . . It is merely one means among several which enables service of process on an international defendant." *Id.* (quotation marks and citation omitted); *see also Forum Fin. Group, LLC v. President, Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001) ("[N]othing in Rule 4(f) or its advisory committee notes indicates that court-directed service under Rule 4(f)(3) is 'extraordinary relief.'").

      ii. <u>Service by Overnight Mail is Permissible</u>

  29. Likewise, service via overnight mail is permissible. The Supreme Court has held "in cases governed by the Hague Service Convention, service by mail is permissible if

two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017). In the instant case, nearly all of the foreign Defendants who are not presently represented by counsel are located in the United Kingdom.[9] The United Kingdom has adopted the Hague Convention and has not opted out of mail service pursuant to Article 10 thereunder. *See* https://www.hcch.net/en/states/hcch-members/details1/?sid=75 (noting that the United Kingdom of Great Britain and Northern Ireland is a party to the Hague Convention); https://www.hcch.net/en/instruments/-conventions/status-table/notifications/?csid=427&disp=resdn (noting the United Kingdom's statements and reservations regarding the Hague Convention which does not include an objection under Article 10(a) to service via mail).

30. Accordingly, since the United Kingdom does not prohibit service via overnight mail, and since this Court may order such service pursuant to Rule 4(f)(3), such service is permitted.

> iii. Service via Overnight Mail is "Reasonably Calculated" to Provide Actual Notice to the Foreign Defendants

31. While the Hague Convention does not prohibit substituted service on domestic counsel or service via mail, pursuant to Civil Rule 4(f)(3), such notice must be must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460-LHK, 2011 U.S. Dist.

---

[9] Defendant Islandbridge Opportunities Fund is located in the Cayman Islands, but they are managed by Islandbridge Capital Limited which is located in the United Kingdom, and Defendant Blake Holdings Ltd is located in Jersey, but such Defendant is owned by Richard and Sally Griffiths, who reside in England and are represented by counsel in this proceeding.

LEXIS 71269, at *44 (N.D. Cal. July 1, 2011) (citing *Rio Properties*, 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950))). In the present case, serving parties through an overnight courier such as FedEx is reasonably calculated to apprise interested parties of this action and afford them the opportunity to defend this action.

32. Likewise, service via domestic post in England is permitted pursuant to the English court rules. *See Civil Procedures Rules of England and Wales,* Part 6, rule 6.20(1)(b). As such service is permitted for actions emanating from England, such service is clearly "reasonably calculated" to provide the Defendants with notice of the summons and Second Amended Complaint.

33. Finally, the Plaintiff requests that the Court also enter an order pursuant to Bankruptcy Rule 7012(a) prescribing the time for service of responses (the "<u>Response Deadline</u>") to the Second Amended Complaint against Defendants who have not already responded to the First Amended Complaint. Bankruptcy Rule 7012(a) provides that "[t]he Court shall prescribe the time for service of the answer when service of a complaint is made by publication or upon a party in a foreign country." The Plaintiff submits that it is appropriate to fix the Response Deadline for the Defendants to be within thirty (30) days after mailing of the summons and Second Amended Complaint. *See* Fed. R. Bankr. P. 7012(a).

## CONCLUSION

For all the foregoing reasons, the Plaintiff respectfully requests the entry of an Order granting this motion in its entirety, authorizing the filing of the Second Amended Complaint, authorizing alternative service methods and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 21, 2020

**HAHN & HESSEN LLP**

By: /s/ *John P. Amato*
Mark T. Power
John P. Amato
Joseph Orbach

488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
mpower@hahnhessen.com
jamato@hahnhessen.com
jorbach@hahnhessen.com

*Counsel to Plaintiff*