**COHEN TAUBER SPIEVACK & WAGNER P.C.**
Stephen Wagner
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 586-5800
swagner@ctswlaw.com

*Counsel to Defendants Edale Europe Absolute Master Fund Limited and Rupert Dyson*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------- X
In re:                                   :   Case No. Chapter 11
                                         :
Orion HealthCorp Inc., *et al.*,         :   Case No. 18-71748-67 (AST)
                                         :   Case No. 18-71789 (AST)
                                         :   Case No. 18-74545 (AST)
                    Debtors.             :
                                         :   (Jointly Administered)
                                         :
---------------------------------------- X
                                         :
Howard M. Ehrenberg in his capacity as   :
Liquidating Trustee of Orion HealthCorp Inc., :
*et al.*,                                :
                                         :
                    Plaintiffs,          :   Adv. Pro. No. 18-08048 (AST)
                                         :
        v.                               :
                                         :
Richard Ian Griffiths, *et al.*,         :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X

**EDALE EUROPE ABSOLUTE MASTER FUND LIMITED AND RUPERT DYSON'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE <u>SECOND AMENDED ADVERSARY PROCEEDING COMPLAINT</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

    I.  Standard of Review ................................................................................................. 3

    II.  The Court Does Not Have General Jurisdiction Over Edale Master and Dyson ...... 3

    III. The Court Does Not Have Specific Personal Jurisdiction Over Edale Master and Dyson ....... 4

    IV. It Would Be Unreasonable to Exercise Personal Jurisdiction Over Edale Master
        and Dyson .............................................................................................................. 5

CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AmTrust Fin. Servs., Inc. v. Lacchini*,
   260 F. Supp. 3d 316 (S.D.N.Y. 2017)..................................................................................4

*Charles Schwab Corp. v. Bank of Am. Corp.*,
   883 F.3d 68 (2d Cir. 2018)....................................................................................................5

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014).............................................................................................................4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984)...............................................................................................................4

*In re Hellas*,
   524 B.R. 499 (Bankr. S.D.N.Y. 2015)................................................................................4, 6

*In re Lehman Bros. Holdings Inc.*,
   535 B.R. 608 (Bankr. S.D.N.Y. 2015)................................................................................3, 4

*In re Motors Liquidation Co.*,
   565 B.R. 275 (Bankr. S.D.N.Y. 2017)...................................................................................3

*Porina v. Marward Shipping Co.*,
   521 F.3d 122 (2d Cir. 2008)..................................................................................................6

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   594 B.R. 167 (Bankr. S.D.N.Y. 2018)................................................................................3, 4

*Walden v. Fiore*,
   571 U.S. 277 (2014)...............................................................................................................4

*Wego Chem. & Mineral Corp. v. Magnablend Inc.*,
   945 F. Supp. 2d 377 (E.D.N.Y. 2013) ..................................................................................6

**Other Authorities**

Federal Rules of Bankruptcy Procedure Rule 7012(b)(2) .......................................................1,2, 3

# PRELIMINARY STATEMENT

On June 24, 2019, the Liquidating Trustee of Orion Healthcorp, Inc. (the "Liquidating Trustee") filed a First Amended Adversary Proceeding Complaint ("FAAPC") against 45 defendants alleging causes of action arising from a go-private merger transaction (the "Merger"), which closed on January 30, 2017. On March 12, 2020, the Liquidating Trustee filed a Second Amended Adversary Proceeding Complaint ("SAAPC") against additional defendants alleging similar causes of actions arising from the Merger. In the Merger, Debtor Constellation Health Technologies, Inc. ("CHT") was taken private. Before the Merger, CHT was traded on the Alternative Investment Market ("AIM") of the London Stock Exchange. Pursuant to the Merger, CHT's shareholders received cash and promissory notes in exchange for their shares. Edale Europe Absolute Master Fund Limited ("Edale Master") and Rupert Dyson ("Dyson") are alleged to have been CHT shareholders. The SAAPC refers to the cash payments made to CHT's shareholders pursuant to the Merger Agreement as "Shareholder Redemption Payments" and seeks to recoup those payments.

Edale Master and Dyson move to dismiss the SAACP on the ground that this Court lacks personal jurisdiction over them. Edale Master is a foreign company registered in the Cayman Islands. Edale Master is not registered in the United States and does not have a principal, or any, place of business in the United States. Further, Edale Master never had any contacts with the United States concerning any Shareholder Redemption Payments. Dyson resides in the United Kingdom and never had any contacts with the United States concerning any Shareholder Redemption Payments. Therefore, the Liquidating Trustee cannot establish that this Court has either general or specific personal jurisdiction over Edale Master or Dyson, and the SAACP should be dismissed against them pursuant to Fed. R. Civ. P. 12(b)(2).

## STATEMENT OF FACTS

Edale Master and Dyson, for purposes of this motion only, accept as true the allegations in the SAAPC as they relate to the Merger. However, the SAAPC fails to set forth any allegations supporting personal jurisdiction over Edale Master or Dyson. Further, both Edale Master and Dyson have submitted declarations attesting to facts relevant to jurisdiction, pursuant to Rule 12(b)(2). (*See* Declarations of Rupert Dyson for both Edale Master ("Edale Master Decl.) and Dyson ("Dyson Decl."), dated June 29, 2020 (together, the "Declarations"), submitted herewith) As set forth in the Edale Master Decl., Edale Master: (i) is registered and based in the Cayman Islands and is not registered in the United States; (ii) has no employees based in the United States; (iii) does not own or lease any property in the United States; (iv) is not registered to do business in the United States; (v) does not maintain an office and has no employees in the United States; (vi) has no property in the United States; (vii) does not have a United States phone number; (viii) has not filed a proof of claim in these Chapter 11 proceedings; (ix) does not pay any United States taxes; and (x) never had any contacts with the United States with regard to any Shareholder Redemption Payments. Similarly, the Dyson Decl. explains that Dyson is an individual who: (i) resides in the United Kingdom; (ii) purchased the CHT shares on the AIM through his Self-Invested Personal Pension ("SIPP"); (iii) does not own or lease any property in the United States; (iv) has no property in the United States; (v) does not maintain an office in the United States; and (vi) never had any contacts with the United States with regard to any Shareholder Redemption Payments.

Against this procedural backdrop, Edale Master and Dyson move to dismiss the SAAPC on personal jurisdiction grounds.

# ARGUMENT

## I. Standard of Review

Rule 12(b)(2) of the Federal Rules of Civil Procedure, incorporated into Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, provides that a case may be dismissed for lack of personal jurisdiction. To survive a Rule 12(b)(2) motion, the plaintiff bears the burden to make a *prima facie* showing that jurisdiction exists. *See In re Lehman Bros. Holdings Inc.*, 535 B.R. 608, 618 (Bankr. S.D.N.Y. 2015). The plaintiff's *prima facie* showing must include an averment of facts which, if credited, would suffice to establish jurisdiction over the defendant. *Id.* The court is not confined to the complaint's allegations and may consider affidavits and documentary evidence. *See In re Motors Liquidation Co.*, 565 B.R. 275, 284 (Bankr. S.D.N.Y. 2017). The trial court has "considerable procedural leeway" when addressing the motion and may "determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 594 B.R. 167, 187 (Bankr. S.D.N.Y. 2018).

In a Bankruptcy Court proceeding, the relevant forum is the United States. *In re Motors*, 565 B.R. at 285. Thus, the court must first determine whether the defendant has sufficient contacts with the United States to justify exercising personal jurisdiction over it.

In exercising personal jurisdiction over a defendant, the court may exercise either general or personal jurisdiction. *In re Motors*, 565 B.R. at 285. This Court lacks both general and specific jurisdiction over Edale Master and Dyson because they do not have the sufficient contacts with the United States to support either jurisdictional basis.

## II. The Court Does Not Have General Jurisdiction Over Edale Master and Dyson

"Except in an 'exceptional' case, a corporate defendant may only be subject to general jurisdiction in its place of incorporation or principal place of business." *Sec. Inv'r Prot. Corp.*,

594 B.R. at 189. Similarly, where a defendant is an individual, the "paradigm basis for general jurisdiction is his or her domicile." *In re Hellas*, 524 B.R. 499, 505 (Bankr. S.D.N.Y. 2015) (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014)). Edale Master is not incorporated in the United States and does not have its principal place of business, or any place of business, in the United States. *See* Edale Master Decl. Dyson is not domiciled in the United States. Thus, this Court lacks general jurisdiction over Edale Master and Dyson.

### III. The Court Does Not Have Specific Personal Jurisdiction Over Edale Master and Dyson

To establish specific personal jurisdiction, the defendant's "suit-related conduct" must create the necessary connection to the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). In making such determination, a court considers several factors: (i) whether the defendant has sufficient "minimum contacts" with the forum state; and (ii) whether the exercise of jurisdiction over that defendant would be reasonable. *In re Lehman Bros.*, 535 B.R. at 619. Moreover, the court's jurisdictional reach over a foreign defendant depends on the relationship among the defendant, the forum, and the litigation. *Sec. Inv'r Prot. Corp.*, 594 B.R. at 189. The relationship must arise out of the contacts that the *defendant himself* creates with the forum. *Id.* The relevant contacts are the defendant's contacts with the forum itself, not the persons who reside there. *Id.* Thus, the fact that the plaintiff resides in the forum is not enough. *AmTrust Fin. Servs., Inc. v. Lacchini*, 260 F. Supp. 3d 316, 328–29 (S.D.N.Y. 2017). Courts have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the *plaintiff* and the forum State. *Walden*, 571 U.S. at 1122. *See also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[T]he unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction").

Edale Master: (i) is registered and based in the Cayman Islands and is not registered in the United States; (ii) has no employees based in the United States; (iii) does not own or lease any property in the United States; (iv) is not registered to do business in the United States; (v) does not maintain an office and has no employees in the United States; (vi) has no property in the United States; (vii) does not have a United States phone number; (viii) has not filed a proof of claim in these Chapter 11 proceedings; and (ix) does not pay any United States taxes. Similarly, the Dyson Decl. explains that Dyson is an individual who: (i) resides in the United Kingdom; (ii) purchased the CHT shares on the AIM through his SIPP; (iii) does not own or lease any property in the United States; (iv) has no property in the United States; and (v) does not maintain an office in the United States. Further, and most significantly, neither Edale Master nor Dyson had any contacts with the United States concerning any Shareholder Redemption Payments. This is significant because it is the only connection the Liquidating Trustee attempts to make to confer specific personal jurisdiction.[1] Neither Edale Master nor Dyson has the requisite minimum contacts required for this Court to exercise personal jurisdiction over them because they had no contacts with the United States with regard to any Shareholder Redemption Payments.

Therefore, this Court lacks specific personal jurisdiction over Edale Master and Dyson and the SAACP should be dismissed.

## IV. It Would Be Unreasonable to Exercise Personal Jurisdiction Over Edale Master and Dyson

Even if Edale Master and Dyson's contacts with the United States were sufficient, which they are not, this Court still must consider those contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice."

---

[1] The conclusory sentence that Edale Master and Dyson executed a Delaware Voting Rights Agreement is insufficient to establish personal jurisdiction over either Edale Master or Dyson.

*Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82 (2d Cir. 2018). Those factors include: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *In re Hellas*, 524 B.R. 499, 512 (Bankr. S.D.N.Y. 2015). Further, "the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Wego Chem. & Mineral Corp. v. Magnablend Inc.*, 945 F. Supp. 2d 377, 385 (E.D.N.Y. 2013) (internal quotations omitted). *See also Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008) (explaining that a lack of contacts with the forum "may be relevant in determining, at the second stage of the analysis, whether it would be reasonable, in all the circumstances, to exercise personal jurisdiction").

Edale Master is registered and based in the Cayman Islands. Dyson is an individual who resides in the United Kingdom. It would be a substantial burden for Edale Master and Dyson to defend themselves in the United States, a place where they have no offices, no phone numbers, and no employees. Further, even if this Court finds the Liquidating Trustee has shown minimum contacts, it will be a very weak showing, and wholly insufficient to overcome the unreasonableness of this Court's exercise of personal jurisdiction over Edale Master and Dyson.

## CONCLUSION

For the foregoing reasons, Edale Master and Dyson respectfully request that this Court grant their motion to dismiss the SAACP.

Dated: June 30, 2020
New York, New York

                                          COHEN TAUBER SPIEVACK & WAGNER P.C.
                                          *Counsel to Edale Europe Absolute Master Fund Limited and Rupert Dyson*

                                          By:   /s/ Stephen Wagner
                                                  Stephen Wagner
                                                  420 Lexington Avenue, Suite 2400
                                                 New York, New York 10170
                                                 (212) 586-5800
                                                 swagner@ctswlaw.com