**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------- x
```
|  |  |
|---|---|
|  | : Chapter 11 |
| In re: | : |
|  | : Case No. 18-71748-67 (AST) |
| Orion HealthCorp, Inc., *et al.*, | : Case No. 18-71789 (AST) |
|  | : Case No. 18-74545 (AST) |
| Debtors. | : |
|  | : (Jointly Administered) |
|  | : |

```
----------------------------------------------------------------- x
```

|  |  |
|---|---|
|  | : |
| Howard M. Ehrenberg in his capacity as Liquidating | : |
| Trustee of Orion Healthcorp, Inc., *et al.*, | : |
|  | : |
| Plaintiff, | : Adv. Pro. No. 18-08048 (AST) |
|  | : |
| v. | : |
|  | : |
| Richard Ian Griffiths, Sally Griffiths, Blake Holdings | : |
| Limited, VT Garraway Investment Fund Series IV (f/k/a | : |
| City Financial Investment Fund Series IV), Legal & | : |
| General Assurance Society Limited, Legal & General | : |
| UK Alpha Trust, The Bankers Investment Trust PLC, | : |
| Marlborough Fund Managers Limited, Marlborough UK | : |
| Micro-Cap Growth Fund, Jarvis Investment | : |
| Management Limited, JIM Nominees Limited, Kestrel | : |
| Partners LLP, Stuart Rollason, Shard Capital Partners | : |
| LLP, Herald Investment Trust PLC, Milkwood Capital | : |
| Limited, The Milkwood Fund, Sir Rodney Malcolm | : |
| Aldridge, Killik & Co. LLP, Platform Securities | : |
| Nominees Limited, Edale Capital LLP, Edale Europe | : |
| Absolute Fund LP, Edale Europe Absolute Master Fund | : |
| Limited, Credit Suisse Client Nominees (UK) Limited, | : |
| Maven Investment Partners Ltd, Miton UK MicroCap | : |
| Trust PLC, Miton Trust Managers Limited (a/k/a Miton | : |
| Trust Managers PLC), Islandbridge Capital Limited, | : |
| Islandbridge Opportunities Fund, Merrill Lynch | : |
| International, JPMorgan Smaller Companies Investment | : |
| Trust PLC, Skandinaviska Enskilda Banken AB (Publ), | : |
| Brewin Dolphin Limited, Ari Charles Zaphiriou-Zarifi, | : |
| Denton & Co. Trustees Limited, Rupert Faure Walker, | : |
| Pershing Securities Limited, Pershing Nominees | : |
| Limited, JPMorgan Life Limited, ABN AMRO Clearing | : |
| Bank N.V., London Branch, THESIS Unit Trust | : |
| Management Limited, Thesis Headway A Sub-Fund, | : |
| Tilney Asset Management Services Limited (f/k/a | : |
| Towry Asset Management Limited), Freedom Global | : |

Funds PCC Limited, Interactive Investor Services　　　：
Limited, Interactive Investor Services Nominees　　　：
Limited, Matthew Max Edward Royde, Megan Amelia　：
Elizabeth Royde, Montlake UCITS Platform ICAV,　　：
Elite Webb Capital Fund, Nortrust Nominees Limited,　：
Credo Capital Limited, Moulton Goodies Limited,　　：
Moshe Menachem Feuer (a/k/a Mark Feuer), UBS　　：
Private Banking Nominees Limited, Rupert Dyson,　　：
Linear Investments Limited, Credit Suisse (Channel　　：
Islands) Limited, Walker Crips Investment Management：
Limited (f/k/a Walker Crips Stockbrokers Limited),　　：
W.B. Nominees Limited, Gabelli Investor Funds, Inc.　：
(a/k/a The Gabelli ABC Fund), Dr. Shawn Zimberg,　：
Oliver Rupert Andrew Scott, finnCap Ltd, John Joseph　：
Johnston, Johnston Asset Management Ltd., Interactive　：
Investor Limited, CFS Management Ltd (f/k/a CFS　　：
Portfolio Management Ltd), David Andrew Clark, Karin：
Johnston, and The United States of America,　　　　：
Department of Treasury, Internal Revenue Service,

　　　　　　　　　　　　　　　　　　　　　　　：

　　　　　　　　　Defendants.　　　　　　　：
------------------------------------------------------------------

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding, the following schedule shall apply:

**IT IS HEREBY ORDERED THAT:**

**A.　Existing Conduit Defendants**

1.　　The following Defendants have asserted a conduit or non-transferee defense, pursuant to the Stipulation and Order Regarding Supplemental Protocol for Discovery and Dismissal of Certain Conduit and Non-Transferees (the "Supplemental Conduit Protocol Order") entered by the Court on September 6, 2019 (Dkt. 187) (collectively, the "Existing Conduit Defendants"): Marlborough Fund Managers Limited, Marlborough UK Micro-Cap (collectively, the "Marlborough Defendants"), Merrill Lynch International, Platform Securities Nominees Limited, Credit Suisse (Channel Islands) Limited.

2.      The Marlborough Defendants filed their motion to dismiss the Second Amended Complaint on the ground that it is a conduit or non-transferee (a "Conduit or Non-Transferee Motion") on May 22, 2020.  Plaintiff's response to Marlborough's motion will be due 30 days after service of the motion to dismiss, which is June 21, and Marlborough's reply brief will be due 15 days later, which is July 6.

3.      The remaining Conduit Defendants are continuing to meet-and-confer with the Trustee and the Supplemental Conduit Protocol Order shall continue to apply to them. Such remaining Conduit Defendants may (but need not) file a Conduit or Non-Transferee Motion an any time before 30 days after such Existing Conduit Defendant and Plaintiff have completed the meet-and-confer process set forth in the Supplemental Conduit Protocol Order and the Plaintiff has provided written notice that it will not dismiss the Existing Conduit Defendant.  Plaintiff's response to any such motion will be due 30 days after service of the motion to dismiss, and the Existing Conduit Defendant's reply brief will be due 15 days after service of the response.

**B.      Existing Personal Jurisdiction Defendants**

4.      The following defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction:  Edale Capital, LLP ("Edale"); Skandinaviska Enskilda Banken AB (publ) ("SEB"); Milkwood Capital Limited and the Milkwood Fund (collectively, "Milkwood"); and The Bankers Investment Trust plc, Elite Webb Capital Fund, Richard Ian Griffiths, Herald Investment Trust plc, Marlborough Fund Managers Limited, Marlborough UK Micro-Cap Growth Fund, Miton UK MicroCap Trust plc, MontLake UCITS Platform ICAV, Matthew Max Edward Royde, Megan Amelia Elizabeth Royde, and VT Garraway Investment Fund Series IV (f/k/a City Financial Investment Fund Series IV) (collectively, the "Cooley Shareholder Defendants" and with Edale, SEB and Milkwood, the "Personal Jurisdiction Defendants")).

5.       Pursuant to the Scheduling Order entered by the Court on  May 5, 2020 relating to the Personal Jurisdiction Defendants (Dkt. 332), Plaintiff shall file any opposition to the personal jurisdiction motions filed prior to the date of this Order (the "Personal Jurisdiction Motions") on or before  14 days  after all of the Personal Jurisdiction Defendants have completed their supplemental discovery productions (including supplemental discovery as agreed to in the Joint Letter dated April 10, 2020 or as ordered by the Court).  The Personal Jurisdiction Defendants shall file any replies to Plaintiff's opposition on or before 45 days after the filing of the Opposition.

6.       Pursuant to the stipulation entered into between the Plaintiff and  defendants Miton Fund Managers Limited, Blake Holdings Limited, and Sally Griffiths, who are related to existing Personal Jurisdiction Defendants Miton UK MicroCap Trust plc and Richard Griffiths (the "Related Personal Jurisdiction Defendants"), the Related Personal Jurisdiction Defendants, shall join the existing Personal Jurisdiction Motions and shall be subject to the terms of this Scheduling Order as applicable to existing Personal Jurisdiction Defendants Miton UK MicroCap plc and Richard Griffiths (Dkt. 361).

## C.       New Defendants

7.       The following  defendants have appeared in the case or currently intend to appear in this case through counsel:  Sir Rodney Malcolm Aldridge, Maven Investment Partners Ltd, Islandbridge Capital Limited, Islandbridge Opportunities Fund, JP Morgan Smaller Companies Investment Trust PLC, JPMorgan Life Limited, Thesis United Trust Management Limited, Thesis Headway A Sub-Fund, David Andrew Clark, Karin Johnston, John Johnston, Moshe Menachem Feurer, Shawn Zimberg, Edale Europe Absolute Fund LP, Edale Europe Absolute Master Fund Limited, and Rupert Dyson (collectively, the "New Defendants").

8.       Except as agreed otherwise between the Plaintiff and any New Defendant, the New Defendants (as well as any other defendant named in the SAC who subsequently appears in the

case) shall answer or otherwise respond to the SAC by June 15, 2020.   Except as agreed otherwise between the Plaintiff and any New Defendant, New Defendants who respond to the SAC by filing a motion to dismiss will then have until June 30, 2020 to file a brief in support of their motion to dismiss. Plaintiff shall have 45 days after the filing of such brief to file a response to such motion to dismiss, and any New Defendant who files a motion to dismiss shall have 30 days after service of the response to file a reply.

9.      For New Defendants moving to dismiss on the ground that the Court lacks personal jurisdiction over them, the filing of a motion to dismiss on any other grounds shall not constitute consent to the Court's jurisdiction or a waiver of their defense that the Court lacks personal jurisdiction.

**D.      Legal & General Assurance Society Limited, Legal & General UK Alpha Trust, and Gabelli Investor Funds, Inc.**

10.      Legal & General Assurance Society Limited, Legal & General UK Alpha Trust (collectively, "Legal & General"), and Gabelli Investor Funds, Inc. (a/k/a The Gabelli ABC Fund) ("Gabelli") have previously filed motions to dismiss on grounds other than Conduit, Non-Transferee or Personal Jurisdiction.

11.      Legal and General filed a motion to dismiss on January 17, 2020 on the grounds of Forum Non Conveniens, the failure to join necessary parties pursuant to Fed. R. Civ. Pro 19, the Wagoner Rule, and Fed. R. Civ. Pro. 12(b)(6).  Pursuant to a stipulated Order entered on April 15, 2020 (Dkt. 314), Legal & General withdrew its motion to dismiss the then existing complaint, without prejudice.  Legal & General's deadline to respond to the SAC is June 15, 2020. (Dkt. 334), and its brief in support of its renewed motion to dismiss the SAC is June 30, 2020. Plaintiff shall then have 45 days after the filing of such brief to file a response, and Legal & General shall have 30 days to file a reply.

12.    Gabelli filed its partial motion to dismiss also on January 17, 2020, based on Section 546(e) of the U.S. Bankruptcy Code and Fed. R. Civ. Pro. 12(b)(6).  Pursuant to a stipulation between the Plaintiff and Gabelli filed with the Court on January 31, 2020, the Court adjourned the time to respond to Gabelli's partial motion to dismiss until after the Court decided the pending Personal Jurisdiction Motions. (Dkt. 327).  Plaintiff shall respond to Gabelli's motion to dismiss at the same time it responds to Legal & General's motion to dismiss pursuant to Paragraph 10. Gabelli shall have 30 days to file a reply.

**E.    The Parties' Identification of Threshold Issues for the Court to Decide and the Designation of "Bellwether" Motions**

13.    In the period after the briefing is completed on June 30, the parties will meet-and-confer to identify the threshold issues that they propose the Court should decide before deciding the remainder of the issues that have been briefed in the defendants' motions to dismiss (collectively, the "Threshold Issues").  The Threshold Issues will include, at minimum, any remaining Conduit or Non-Transferee defenses, the Personal Jurisdiction defense, the application of Section 546(e) of the U.S. Bankruptcy Code, Forum Non-Conveniens and failure to join necessary parties  The parties may also decide to designate additional defenses as Threshold Issues to be decided by the Court before any other issues are decided.

14.    If the parties cannot agree on the Threshold Issues, they will bring their dispute to the Court to be resolved.

15.    After the Threshold Issues have been identified (by agreement or otherwise), Defendants will submit a table identifying each of the motions that raises a  "Threshold Issue" (including the relevant page numbers) and will also identify all other issues raised in each motion which has been filed with the Court.  .

16.     After the Court has decided all of the motions addressing the "Threshold Issues", the Existing Conduit Defendants and Existing Personal Jurisdiction Defendants who have not been dismissed from the case will have 60 days to file a response to the SAC.  In the case of defendants who respond to the SAC by filing motions to dismiss, Plaintiff's opposition brief will be due 45 days after the motion to dismiss has been filed, and the Defendants will reply will due 30 days after the filing of Plaintiff's response.

17.     In addition, after deciding all of the motions addressing the "Threshold Issues," the Court shall schedule a status conference to address which remaining issues need to be addressed in order to enable the Court to completely resolve all of motions to dismiss, including those issues that were not previously designated as "Threshold Issues."

18.     The Plaintiff will continue to file Status Reports with the Court every sixty days (60) and such Status Reports will identify any changes in status from the previous Status Report.

19.     Service, when used in this Order, shall be deemed effective, without limitation, by filing the referenced document on ECF in this adversary proceeding, or by email to the parties' counsel of record listed on the electronic docket in this adversary proceeding.



**Dated: July 14, 2020**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**